IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, § § § | |
| Plaintiffs, § § | |
| v. § | No. 3:21-cv-02998-L-BT |
| § | |
| RICHARD CROW et al., § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motions to Dismiss filed by Casey Blair (ECF No. 8), Ray Wheless (ECF No. 70), Johnny Adams (ECF No. 71), and Elizon Mortgage Trust (ECF No. 79). For the following reasons, the District Court should GRANT the Motions and dismiss all Plaintiffs' claims against these defendants with prejudice.

**Background**

Plaintiffs filed the instant lawsuit in this Court on December 1, 2021. Compl. (ECF No. 3). Plaintiffs' original pleading comprised more than 400 pages of allegations and exhibits, and generally claimed that a massive conspiracy of governmental officials, municipal entities, and private actors caused the downfall of Plaintiffs' business and the foreclosure of their home. *See generally id.* A number of the defendants named in the original pleading then filed motions to dismiss, variously asserting that Plaintiffs had failed to state a cognizable claim on

1

which relief could be granted. In response to these motions, Plaintiffs sought leave to amend their complaint. Pls.' Mot. for Leave to File Am. Compl. (ECF No. 87). The Court has since granted Plaintiffs leave to amend.

As a result, the Court has also denied most of the motions to dismiss without prejudice and has instructed most of the parties who filed motions that they may be refiled as long as they address the new allegations contained in Plaintiffs' Amended Complaint. However, the Court now considers the motions filed by Blair, Wheless, Adams, and Elizon separately, because these defendants each rely on defenses that address the allegations brought by Plaintiffs in their Amended Complaint.

## Legal Standard and Analysis

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes*

*Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

> I.  <u>Plaintiffs' claims against Blair, Wheless, and Adams should be dismissed with prejudice because these defendants are entitled to judicial immunity and Eleventh Amendment immunity.</u>

Defendants Blair, Wheless, and Adams are each members of the Texas state judiciary. *See* Am. Compl. 27. Plaintiffs assert claims against each of them both in their individual and official capacities. *Id.* at 3-4, 6. In general, Plaintiffs summarize their allegations against Blair, Wheless, and Adams as follows: "The Defendants, all judges in Kaufman County, Texas, met privately with the

3

Defendants without the presence of Plaintiffs or their counsel and made rulings without the presence of Plaintiffs." *Id.* at 27. Plaintiffs also specifically allege that Judge Blair and Judge Wheless acted with racial bias against Plaintiffs while presiding over a state lawsuit brought by Plaintiffs. *Id.* at 19-21. Critically, all of Plaintiffs' allegations against each of these judicial defendants only relate to actions that each defendant took in his role as a judge.

When sued in his individual capacity, a judge is entitled to judicial immunity for any act taken in his role as a judge. *Jewell v. Bartlett*, 2022 WL 1129910, at *3 (N.D. Tex. Mar. 14, 2022) (Rutherford, J.) ("[J]udges are entitled to absolute judicial immunity for acting in the performance of their judicial duties." (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982)), *rec. adopted*, 2022 WL 1128957 (N.D. Tex. Apr. 15, 2022); *see also Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) (holding that judicial immunity applies to any judge, no matter her "status in the judicial hierarchy"). Indeed, judges are immune from suit for damages resulting from any judicial act unless performed "in the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiffs do not allege that any of the judicial defendants acted "in the clear absence of all jurisdiction," so judicial immunity bars any claim against these defendants in their individual capacities.

Similarly, while absolute judicial immunity is not applicable to suits against judges in their official capacity, Eleventh Amendment immunity applies. Subject to an inapplicable exception, the Eleventh Amendment bars claims against states,

4

state agencies, or entities that may be considered an "alter ego" or "arm" of the state. *See Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002). "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *See, e.g.*, *Warnock v. Pecos County*, Tex., 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, Plaintiffs' official-capacity claims against these defendants are barred by the Eleventh Amendment.

All Plaintiffs' claims against the judicial defendants are thus barred—the individual capacity claims by judicial immunity and the official capacity claims by the Eleventh Amendment. Therefore, Plaintiffs have failed to state a cognizable claim against any of these defendants, and their claims against Blair, Wheless, and Adams should be dismissed.

II. Plaintiffs' claims against Elizon should be dismissed with prejudice because they provide no specific factual allegations against Elizon and Elizon lacks the capacity to be sued.

Other than the assertion that Elizon is a mortgage trust, Plaintiffs' Amended Complaint contains no specific factual allegations related to Elizon. At most, Plaintiffs allege generally that all defendants, presumably including Elizon, discriminated against Plaintiffs on account of their race. *See, e.g.*, Am. Compl. 22-24. Such vague statements are the exact sort of "unadorned accusations devoid of factual support" that cannot state a legally cognizable claim. *Iqbal*, 556 U.S. at 678. This alone is reason to dismiss Plaintiffs' claims against Elizon.

But even if Plaintiffs had included enough facts to state a plausible claim for relief against Elizon, their claims against it would still fail because Elizon lacks the

5

capacity to be sued. Suits involving a trust may only be brought against the trustee, and not the trust itself. *See Smith Int'l, Inc. v. Egle Grp., L.L.C.*, 2005 WL 6458659, at *5 (S.D. Tex. Jun. 3, 2005) (citing *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 623 (Tex. App.—Houston [1 Dist.] 1993, writ denied) ("In Texas, a trust is not a party that can sue or be sued.")); *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curium) (holding that the "court of appeals incorrectly reasoned that a trust can sue or be sued directly"); *Way v. House*, 315 S.W.3d 216, 218 (Tex. App.—Eastland 2010, pet. denied) ("Because a trust does not have capacity, any suits involving the trust must be brought by or against the trustee."). Because Plaintiffs admit that Elizon is a mortgage trust, it is plain from the face of the Amended Complaint that Elizon lacks the legal capacity to be sued. Whatever Plaintiffs' claims are against Elizon, they may only be properly brought against its trustee. Moreover, when a defendant lacks the capacity to be sued, a court may dismiss the defendant at the motion to dismiss stage. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming the trial Court's dismissal of Defendant because they lacked the capacity to be sued).

Accordingly, because Plaintiffs have only asserted vague and conclusory allegations against Elizon, and because Elizon lacks capacity to be sued, all Plaintiffs' claims against Elizon should be dismissed.

> III. <u>Plaintiffs' claims should be dismissed with prejudice because they have had the opportunity to plead their best case and have failed to do so.</u>

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

The Court has allowed Plaintiffs to file the Amended Complaint, thereby ensuring that Plaintiffs have had the opportunity to plead their best case. Notably, Plaintiffs filed the Amended Complaint after Blair, Wheless, Adams, and Elizon filed their Motions to Dismiss. Plaintiffs have thus had every opportunity to address the deficiencies highlighted by these defendants but have failed to do so. Accordingly, with respect to Blair, Wheless, Adams, and Elizon, Plaintiffs have demonstrated themselves "ineffective litigant[s]" and the Court should refuse to give them "[yet another] chance to develop" their fatally flawed case. *Reliance*, 110 F.3d at 258 (citing *Turnage*, 953 F.2d at 208-09).

## RECOMMENDATION

For the reasons stated, the District Court should GRANT the Motions to Dismiss filed by Blair (ECF No. 8), Wheless (ECF No. 70), Adams (ECF No. 71), and Elizon (ECF No. 79) and DISMISS all claims against these defendants with prejudice.

**SO RECOMMENDED.**

May 31, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).