IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and<br>ELLA H. BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARD CROW, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   **Civil Action No. 3:21-CV-02998-L-BT**<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Casey Blair's Motion to Dismiss (Doc. 7)[1], filed on December 29, 2021; Defendant Ray Wheless's Motion to Dismiss (Doc. 69), filed on March 3, 2022; Defendant Johnny Adams's Motion to Dismiss (Doc. 71), filed on March 7, 2022; and Defendant Elizon Mortgage Trust's Motion to Dismiss (Doc. 78), filed on March 28, 2022. This case was referred to Magistrate Judge Rebecca Rutherford, who entered the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Doc. 103) ("Report") on May 31, 2022, recommending that the court grant the motions and "dismiss all of Plaintiffs' claims against these defendants with prejudice." Report at 1. Specifically, with respect to each Defendant's motion to dismiss, the Report recommends that:

- All of Plaintiffs' claims against Defendants Casey Blair, Ray Wheless, and Johnny Adams, in their individual capacity and official capacity, be dismissed with prejudice because "[c]ritically, all of Plaintiffs' allegations against each of these judicial defendants only relate to actions that each defendant took in his role as a judge[; therefore,] [a]ll of Plaintiffs' claims against the judicial defendants are thus barred—the individual capacity

---

[1] Defendant Casey Blair filed his motion to dismiss (Doc. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Relevant to this court's analysis is Defendant Blair's argument that the claims against him should be dismissed pursuant to Rule 12(b)(1) because he is entitled to Eleventh Amendment immunity and pursuant to 12(b)(6) because he is entitled to judicial immunity.

- claims by judicial immunity and the official capacity claims by the Eleventh Amendment." *Id*. at 4-5.

- All of Plaintiffs' claims against Defendant Elizon Mortgage Trust be dismissed with prejudice because Defendant Elizon Mortgage Trust lacks the capacity to be sued as it is a Trust and "[s]uits involving a trust may only be brought against the trustee, and not the trust itself." (Citing *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curium) (holding that the "court of appeals incorrectly reasoned that a trust can sue or be sued directly"). Report at 5-6.

- Plaintiffs should not be allowed leave to amend their complaint a second time because they "have had every opportunity to address the deficiencies highlighted by these defendants [in prior briefings before they amended their complaint] but have failed to do so." Report at 7-8.

On June 16, 2022, Plaintiffs filed objections to the Report (Doc. 124), contending that: (1) "if the Eleventh Amendment bars their claims against judges, then those claims should be dismissed without prejudice;" and (2) the claims against Defendant Judge Casey Blair, individually, should not be dismissed because "Plaintiffs have pled facts with particularly that show Judge Blair was biased against Plaintiffs," and they have clearly shown "that he was not acting as a proper judicial officer[;] therefore[,] his bad acts are not protected by absolute or qualified immunity." Doc. 124. The court will address each objection in turn.

### I. Objections to the Report

On December 1, 2021, Plaintiffs Thomas G. Brown and Ella H. Brown sued numerous private actors, governmental officials, private entities, and governmental entities alleging, that in a massive conspiracy, they all caused the downfall of their business and the foreclosure of their home. Compl. (Doc. 1). Defendants Casey Blair, Ray Wheless, Johnny Adams, and Elizon Mortgage Trust filed their respective motions to dismiss Plaintiffs' First Amended Complaint.[2]

---

[2] The court notes that Defendants filed their respective motions to dismiss against the claims asserted in Plaintiffs' original Complaint. On the same day that the Report (Doc. 103) was filed, however, Plaintiffs, with leave of court, filed their First Amended Complaint. Doc. 101. The First Amended Complaint asserts claims against Defendants Ray Wheless, Casey Blair, Johnny Adams, and Elizon Mortgage Trust. *See id*. at 3-7. Accordingly, this opinion is based on the defenses that Defendants asserted as to Plaintiffs' First Amended Complaint. On September 12, 2022, the Court allowed Plaintiffs to file a Second Amended Complaint. The allegations against the judicial Defendants and Elizon

**Memorandum Opinion and Order – Page 2**

*See* Docs. 7, 69, 71, 78. On May 31, 2022, Magistrate Judge Rebecca Rutherford issued the Report (Doc. 103).

### A. Dismissal Without Prejudice

Plaintiffs do not object to the finding in the Report that Judges Blair, Wheless, and Adams are entitled to Eleventh Amendment immunity. Instead, Plaintiffs' object to the Report's recommendation that the claims against them that are barred by Eleventh Amendment immunity be dismissed with prejudice. Plaintiffs argue that "[b]ecause sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Doc. 124 at 2 (citing *Warnock v. Pecos Cnty. Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The court agrees.

Although Judges Blair, Wheless, and Adams are entitled to Eleventh Amendment immunity with respect to the claims on which they were sued in their official capacity and attempts to amend cannot overcome this absolute immunity, the Fifth Circuit is clear that "a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 498-99 (5th Cir. 2021) (reversing district court's dismissal *with* prejudice for lack of subject matter jurisdiction after finding the defendant was entitled to sovereign immunity) (emphasis original); *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) ("However, the district court did err by dismissing Anderson's claims *with* prejudice. The dismissal was based on the grounds that JSU was entitled to Eleventh Amendment immunity, and so should have been *without* prejudice.") (emphasis original); *Warnock*, 88 F.3d at 343 ("Because

---

Mortgage Trust have not changed in the Second Amended Complaint from those in the First Amended Complaint. Accordingly, whether the court the uses the First Amended Complaint or Second Amended Complaint, it reaches the same result.

**Memorandum Opinion and Order – Page 3**

sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

While the court agrees with Plaintiffs that their claims against Judges Blair, Wheless, and Adams in their official capacities may only be dismissed without prejudice for a lack of subject matter jurisdiction, the court will not grant Plaintiffs leave to amend these claims. If Plaintiffs wish to reassert their official-capacity claims against Judges Blair, Wheless, and Adams, they must do so in some other, non-federal, forum. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986) ("'A dismissal for want of jurisdiction *bars access to federal courts and is res judicata* only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court.'" (emphasis added) (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir.1985))). Stated another way, the court **sustains** Plaintiffs' objection and will dismiss their claims against Judges Blair, Wheless, and Adams in their official capacities without prejudice; however, the court also accepts the Report's recommendation that Plaintiffs not be granted leave to further amend their complaint, to which Plaintiffs did not assert an objection.

### B. Judicial Immunity for Judge Casey Blair

Plaintiffs' object to the Report's recommendation to dismiss the claims against Judge Casey Blair because "at best Judge Blair has only qualified immunity" and not absolute immunity. Doc. 124 at 2. Plaintiffs argue that they have alleged sufficient fact showing Judge Blair "was not acting as a proper judicial officer and therefore his bad acts are not protected by absolute or

qualified immunity." *Id.* at 4. The court disagrees and determines that Plaintiffs' claims against Judge Casey Blair should be dismissed with prejudice pursuant to Rule 12(b)(6).

1. Legal Standard for 12(b)(6) Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

**Memorandum Opinion and Order – Page 5**

1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court

deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

2. Analysis

Judge Blair, in relevant part, argues that Plaintiffs' claims against him, in his individual capacity, should be dismissed under Rule 12(b)(6) because Plaintiffs' claims are barred by judicial immunity.[3] The Report recommends that the court grant Judge Blair's motion to dismiss after finding that he is entitled to judicial immunity. Although Plaintiffs argue that Judge Blair is not protected by "absolute or qualified immunity," they completely ignore that qualified immunity is not an issue raised or asserted in Judge Blair's motion to dismiss, their response to Judge Blair's motion to dismiss, or the Report. Accordingly, the court limits its analysis and review to Plaintiffs' objection to the Report's finding that Judge Blair is entitled to judicial immunity. Further, this is so because, despite Plaintiffs' allegations pertaining to Judge Blair, the acts of which they complain regarding his conduct clearly show that he was acting in a judicial capacity rather than his individual capacity. Here, the two exceptions to judicial immunity do not apply, and the applicability of the doctrine of qualified immunity is a red herring and quite beside the point. The

---

[3] In his brief to his motion to dismiss (Doc. 8), Judge Blair also argues that: (1) "Plaintiffs lack standing to bring claims against [him]"; (2) "[o]fficial capacity claims are [b]arred by the Eleventh Amendment"; (3) "Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine"; (4) "[i]n the alternative, Plaintiffs' claims are barred by the *Younger* doctrine"; and (5) "Plaintiffs fail to state a claim upon which relief may be granted." The court need not address Judge Blair's additional arguments because it determines that the claims against him are barred either by Eleventh Amendment immunity or judicial immunity.

**Memorandum Opinion and Order – Page 7**

court agrees with the Report with respect to its recommendation to dismiss with prejudice Plaintiffs' claims against Judge Blair in his individual capacity because he is entitled to judicial immunity. The court, however, reaches this conclusion based upon a different analysis than that set forth in the Report.

"A judge generally has absolute immunity from suits for damages" resulting from any judicial act. *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id*. (citing *Mireles*, 502 U.S. at 11; *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis*, 565 F.3d at 222 (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge . . . ." *Id.*

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citing *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993)).

Moreover, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray,* 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly")). Instead, judicial

**Memorandum Opinion and Order – Page 8**

immunity is overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, [that is], actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11–12.

      a.  *Judicial Function*

Plaintiffs allege that Judge Blair was assigned as a judge to a case they brought in state court. Plaintiffs further allege that Judge Blair discriminated against them because he: (1) would ignore them during hearings and focus on the opposing party and their counsel; (2) dissuaded an attorney from representing them; (3) continued to rule on motions despite recusing himself; (4) dismissed their case without notice to them; (5) made rulings without them present; and (6) was handed a document by Plaintiffs' counsel "showing that Defendants had misled the Judge and [he] balled the document up and threw it on the floor." *See* Doc. 101.

Under the first *Malina* factor, "whether the precise act complained of is a normal judicial function," this court "examine[s] the 'nature and function' of the act, not the act itself." *Malina*, 994 F.2d at 1124 (quoting *Mireles*, 502 U.S. at 13). Presiding over hearings, ruling on motions, and having discussion with counsel are all acts normally performed by a judge. While the interactions may be rude and unprofessional, they are nonetheless still acts that, in their nature, are performed by judges. Additionally, where discernible, the majority of the alleged actions occurred in the courthouse, and all of the alleged actions centered around Plaintiffs' case pending before Judge Blair. Finally, all but one of the alleged actions arose directly out of a visit to the judge while he was acting in his official capacity.[4] Therefore, the second, third, and fourth *Malina* factors have

---

[4] It is unclear from the allegations how the act of Judge Blair communicating with an attorney to dissuade him or her from representing Plaintiffs arose. Because this action meets the other factors, however, not meeting this fourth factor does not prevent the application of judicial immunity. *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)

**Memorandum Opinion and Order – Page 9**

also been met. 994 F.2d at 1124. Having determined that the allegations against Judge Blair were acts judicial in nature and that he is therefore entitled to judicial immunity, the court next addresses whether Plaintiffs have alleged facts to overcome judicial immunity.

      b.  *Overcoming Judicial Immunity*

Plaintiffs allege that Judge Blair discriminated against them by consistently ruling against them and ignoring their arguments and attorneys. Mere allegations of malice or bad faith, however, do not defeat Judge Blair's entitlement to judicial immunity. *See Mireles*, 502 U.S. at 11. Additionally, Plaintiffs do not set forth allegations to establish that Judge Blair acted outside of his judicial capacity or that he "acted in the clear absence of all jurisdiction." Accordingly, the court **overrules** Plaintiffs' objection.

**II.    Amendment of Pleadings**

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*,

---

(acknowledging that the absence of one or more factors will not prevent a determination that a clam is barred by judicial immunity.)

**Memorandum Opinion and Order – Page 10**

371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

After entry of the Report, Plaintiffs filed a motion seeking leave to file a Second Amended Complaint, which the court granted on September 12, 2022. *See* Doc. 161. In that order, the court determined there are no substantive differences between the First and Second Amended Complaints with respect to the judicial Defendants, Blair, Wheless, and Adams. *Id*. at 2-3.

As no new allegations or claims are set forth against the judicial Defendants, the court, therefore, concludes that Plaintiffs have stated their "best case." *See Schiller* 342 F.3d at 566. The court therefore determines that permitting further pleading attempts with respect to claims against Defendants Casey Blair, Ray Wheless, and Johnny Adams would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Defendants Casey Blair, Ray Wheless, and Johnny Adams.

### III. Plaintiffs' Request for Preliminary and Permanent Injunctive Relief

In Plaintiffs' First and Second Amended Complaints, they ask the court to grant preliminary and permanent injunctive relief against judicial Defendants Blair and Wheless, enjoining them "from engaging in the discriminatory practices alleged in this complaint that discriminate against Plaintiffs on the basis of race, color, national origin, or sex." Doc. 107 at 112. In their respective motions to dismiss, Defendants Blair and Wheless did not address Plaintiffs' request for injunctive relief, and the court *sua sponte* raises the issue here.

Whether a state judge is immune from suit is a jurisdictional issue of standing. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). To establish Article III standing for injunctive relief, a plaintiff must show an imminent injury, and in the context of suing for prospective relief from a

state court judge, a plaintiff must allege facts showing a likelihood of encountering "the same judge in the future, under similar circumstances, with a likelihood of the same complained-of harm" recurring. *Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir.).

In light of this standard, the court has concerns as to whether Plaintiffs can make an adequate showing of a substantial likelihood of appearing under similar circumstances before either Judge Blair or Judge Wheless, and then a substantial likelihood of receiving the same complained-of discrimination and bias. As Plaintiffs stated in their Second Amended Complaint, their state-law claims in a separate lawsuit have been dismissed, and the time to appeal has passed; therefore, those claims are barred by *res judicata*. Judge Blair has already recused himself from Plaintiffs' cases due to his alleged bias and is unlikely to not recuse himself again if Plaintiffs are assigned to his court. Further, Plaintiffs state that they chose not to file claims in Kaufman County again because they know "that they could not get justice in the state courts because they would have to file their case in Kaufman County," and chose instead to file the instant case in federal court (Doc. 107 at 91); thus, it appears unlikely that Plaintiffs will file similar claims in Kaufman County court.

For these reasons, the court **directs** Plaintiffs to respond no later than **October 12, 2022,** to the court's *sua sponte* motion and set forth factual allegations that show they have a plausible entitlement to injunctive relief against Defendants Blair and Wheless. Defendants are not to respond unless the court so directs.

### IV.   Conclusion

In summary, all of the Browns' claims against the three judicial Defendants, except for those seeking injunctive relief against Blair and Wheless, are barred and must be dismissed—the individual capacity claims because of judicial immunity and the official capacity claims because

of the Eleventh Amendment. For these reasons, the Browns have failed to state a claim upon which relief can be granted against these judicial defendants. Likewise, the Browns fail to state a claim upon which relief can be granted against Elizon Mortgage Trust because this Defendant, as a trust, lacks the capacity to be sued.[5]

Accordingly, having considered the pleadings, Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court, for the reasons explained, determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court, *except for*: (1) the recommendation that Plaintiffs' claim against Defendants Casey Blair, Ray Wheless, and Johnny Adams, in their official capacities, be dismissed with prejudice; and (2) the reasoning for finding that Defendant Casey Blair is entitled to judicial immunity. Accordingly, the court **grants** Defendant Casey Blair's Motion to Dismiss (Doc. 7); Defendant Ray Wheless's Motion to Dismiss (Doc. 69); Defendant Johnny Adams's Motion to Dismiss (Doc. 71); and Defendant Elizon Mortgage Trust's Motion to Dismiss (Doc. 78) and **dismisses with prejudice** Plaintiffs' claims against Defendants Casey Blair, Ray Wheless, and Johnny Adams as individuals, and all of Plaintiffs' claims against Elizon Mortgage Trust. The court further **dismisses without prejudice** Plaintiffs' claims against Defendants Casey Blair, Ray Wheless, and Johnny Adams in their official capacities. The claims for injunctive relief against Defendants Blair and Wheless remain.

**It is so ordered** this 27th day of September, 2022.

_____
Sam A. Lindsay
United States District Judge

---

[5] Like the claims against the judicial Defendants, the allegations against Elizon Mortgage Trust have not changed in the First or Second Amended Complaints. Therefore, the court determines that whether it uses any of the three complaints filed by Plaintiffs, the result as to Elizon Mortgage Trust does not change.