IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and | § | |
| ELLA H. BROWN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:21-CV-02998-L-BT |
| RICHARD CROW, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs Thomas Brown and Ella Brown's Response Setting Forth Their Entitlement to Injunctive Relief (Doc. 173), filed on October 4, 2022; Plaintiffs' Motion to Reconsider Pursuant to Fed. R. Civ. Pro. 59(e)(3) (Doc. 174), filed on October 11, 2022; and Plaintiffs' Motion for Reconsideration of Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. Pro. 59(e)(3) (Doc. 175), filed on October 14, 2022. After considering the filings, responses, record, and relevant law, the court **denies with prejudice** Plaintiffs' two motions for reconsideration, and **denies with prejudice** Plaintiffs' request for injunctive relief against Defendant Ray Wheless.

### I.  Plaintiffs' Response Setting Forth Their Entitlement to Injunctive Relief (Doc. 172)

On September 27, 2022, the court ordered Plaintiffs to set forth factual allegations that show they have a plausible entitlement to injunctive relief against Defendant Wheless. The court was concerned whether Plaintiffs could plead sufficient facts to make an adequate showing of a substantial likelihood of appearing under similar circumstances before Defendant Kaufman

County Judge Ray Wheless, the remaining judicial defendant, and a substantial likelihood of receiving the same alleged discrimination and bias.[1] Doc. 169.

Plaintiffs timely responded to the court's order, and filed their Response Setting Forth Their Entitlement to Injunctive Relief (Doc. 173) ("Response") on October 4, 2022. Doc. 173 at 2-3. In their Response, Plaintiffs assert legal grounds for relief, arguing that 42 U.S.C. § 1983 is an exception to 28 U.S.C. § 2283, which prevents a court from enjoining the acts of state judges unless under express authorization by an act of Congress. *Id*. Plaintiffs appear to assert that although the court could have been prevented from issuing an injunction under Section 2283, Section 1983 grants the court the authority to do so against a state judge and state court proceedings. *Id*.

As for their factual allegations, Plaintiffs state that Defendant Wheless dismissed their state court case without notice, and permitted Judge Casey Blair—who recused himself from Plaintiffs' case—to make further decisions in their case. Doc. 173 at 19. Generally, Plaintiffs assert that Defendant Wheless's judicial actions were unfair treatment based on racial animus. Doc. 173 at 7, 8-10. Plaintiffs argue that he, among other Kaufman County officials, has violated Plaintiffs' right to due process and equal protection by treating Plaintiffs' state court cases poorly "simply because they are African Americans." *Id*. at 4-5. Plaintiffs state that absent action from this court, their two current state court cases in Kaufman County could potentially come before Defendant Wheless again, and thus could possibly subject them to his allegedly unfair judicial actions. *Id*. at 6-7.

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant such relief only when the movant establishes that:

---

[1] The court originally ordered Plaintiffs to respond in regards to both Defendants Blair and Wheless, but later it dismissed Defendant Blair in its Corrective Order after further review of the briefing. *See* Doc. 172.

**Memorandum Opinion and Order – Page 2**

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the preliminary injunction.

First, the court agrees with Plaintiffs' assertion that 42 U.S.C. § 1983 applies when a state judge violates a constitutional right, as "an express authorization from Congress permitting federal courts to enjoin state court proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). The Federal Courts Improvement Act of 1996, however, amended Section 1983 to prohibit injunctions against a judge unless (1) a declaratory decree was violated or (2) declaratory relief was unavailable. 42 U.S.C. § 1983.

Both exceptions are inapplicable here. Plaintiffs do not allege the existence of a declaratory decree entered against Defendant Wheless related to Plaintiff's allegations or that they unable to seek declaratory judgment.[2] Thus, any Section 1983 claim that Plaintiffs may bring that seeks

---

[2] The court notes that a plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law," and thus, declaratory relief is not available where there is no viable claim for relief. *Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *recommendation adopted*, 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted); *see also Bell v. Bank of Am. Home Loan Servicing LP*, Civil Action No. 4:11-cv-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (explaining that the availability of a declaratory judgment depends upon the existence of a judicially remediable right). As the court has already determined that Plaintiffs have not pleaded a viable claim for either injunctive relief or monetary damages against Defendant Wheless or the other judicial Defendants in this

**Memorandum Opinion and Order – Page 3**

injunctive relief against Defendant Wheless based on the alleged violations of their constitutional rights is barred.

Additionally, Plaintiffs set forth few factual allegations with regard to Defendant Wheless's alleged discriminatory judicial actions. Further, each allegation is restated from their prior pleadings, and, as the court suspected, none shows an entitlement to injunctive relief. Plaintiffs' allegations are conclusory statements that allege a potential future harm if their state court lawsuits go before Defendant Wheless. A fear of a possible harm does not show a substantial likelihood of harm. *Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020). Moreover, Plaintiffs' allegations fail to allow a reasonable inference that Defendant Wheless's judicial actions were the result of racial animus, much less satisfy the higher standard of showing a substantial likelihood of success on the merits of their constitutional violation claims.

For these reasons, the court concludes that Plaintiffs have failed to allege facts showing an entitlement to injunctive relief against judicial Defendant Wheless. Accordingly, the court **denies with prejudice** their request for injunctive relief as to Defendant Wheless. Because the court dismissed claims against Wheless for monetary damages in its previous Corrective Order and now dismisses the request for injunctive relief, there are no pending claims against Wheless, and he is **dismissed with prejudice** from this action.

## II.     Plaintiffs' Motions to Reconsider (Docs. 174 and 175)

Plaintiffs filed two motions—Motion to Reconsider Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 174) and Motion for Reconsideration of Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 175)—asking the court to reconsider its prior orders dismissing Defendants Elizon Mortgage Trust ("Elizon") and Kaufman County

---

case, it is unlikely that Plaintiffs can successfully sue for declaratory relief because they have not shown a viable claim for relief.

**Memorandum Opinion and Order – Page 4**

Judge Casey Blair under the Rule 12(b)(6) standard. Although the motions seek relief under "Fed. R. Civ. P. 59(e)(3)," the court notes that Federal Rule of Civil Procedure 59(e) does not contain a subpart (3). Further, as the court has not yet entered a final judgment as to Defendants Elizon and Blair, any motion asking the court to reconsider dismissal of a party must be considered under Federal Rule of Civil Procedure 54(b). For that reason, any argument from Plaintiffs regarding the applicability of Rule 59(e)(3) is both incorrect and irrelevant, and the court construes the motions as brought under Rule 54(b), requesting the court exercise its plenary authority to reconsider its prior orders. After reviewing the Motions, responses, record, and relevant law, the court **denies with prejudice** both Plaintiffs' Motion to Reconsider Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 174) and the Motion for Reconsideration of Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 175).

    A.  <u>Legal Standard for Motion to Reconsider Before Final Judgment</u>

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration; however, Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[] at any time" "any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 846 F.3d 326, 336 (5th Cir. 2017) (citing Fed. R. Civ. P. 54(b)); *see S.E.C. v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.)) ("In the case of an interlocutory order, 'Federal Rule of Civil Procedure 54(b) governs whether the court reconsiders its ruling.'"); *see also Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2016) (holding that "[b]ecause the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgment."). Pursuant to Rule 54(b):

**Memorandum Opinion and Order – Page 5**

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The parties do not dispute that the court's orders dismissing Elizon and Blair were interlocutory. "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos*, 651 F. Supp. 2d at 553 (citation omitted). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Cuban*, 2013 WL 1091233, at *2 (citations omitted).

      B.   <u>Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e)(3) (Doc. 174)</u>

In this Motion, Plaintiffs ask the court to reconsider its dismissal with prejudice of Defendant Elizon Mortgage Trust in its Order (Doc. 169), issued September 27, 2022, accepting the report and recommendation of the magistrate judge. Doc. 174 at 1. Plaintiffs seek this relief on the basis that the court's "ruling regarding Elizon is a misstatement of law that led to the dismissal of Elizon Mortgage Trust in error" because the court determined that Elizon lacked the capacity to be sued. *Id*. at 2. Plaintiffs point to a Texas statute quoted in a Texas Supreme Court case discussing whether a trust has the capacity to be sued:

> This is not to say that the Legislature could not allow suit by or against a trust in its own name. See e.g., [sic] TEX. REV. CIV. STAT. art 6138A, § 6.10(A)(2) (authorizing real estate investment trusts to "sue and be sued, complain and defend, in its trust name").

*Id*. at 3 (quoting *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006)). Plaintiffs argue that Elizon is a real estate investment trust, per a citation to Investopedia.com, and therefore Elizon has the capacity to be sued. *Id*.

**Memorandum Opinion and Order – Page 6**

Elizon responded to the Motion (Doc. 179) on November 1, 2022, urging the court to deny it because: (1) Plaintiffs fail to recognize that the court dismissed Elizon under both grounds recommended, namely, that Plaintiffs failed to state a claim under Rule 12(b)(6) and that Elizon lacked the capacity to be sued; (2) Elizon's capacity to be sued has already been litigated and determined by the court; (3) Plaintiffs have not produced new evidence that could change the court's decision; (4) the court did not commit a manifest error of law; and (5) there has not been an intervening change of law. *See* Doc. 179. In Reply, Plaintiffs reassert their original argument and further argue that Rule 59(e)(3) is the proper rule for their motion, that they had no obligation to object to the magistrate judge's Findings, Conclusions, and Recommendation ("the Report"), and that because they effected service on Elizon, it, as an entity, exists. *See* Doc. 182.

First, the court notes that Plaintiffs did not object to the magistrate judge's recommendation to dismiss Elizon, even though Plaintiffs objected to other findings and recommendations contained in the Report. *See* Doc. 124. In their objections, Plaintiffs stated explicitly that the court should reject the Report "except where Plaintiffs have not objected to a specific recommendation." *Id*. at 4. Plaintiffs' failure to object to the Report's recommendation to dismiss Elizon weighs against granting them relief now as they seek reconsideration, and results in the court conducting a plain-error review. *Smallwood v. Willow Way, LLC*, No. 3:17-CV-242-G-BN, 2017 WL 6767372, at *6 (N.D. Tex. Dec. 7, 2017), *R & R adopted*, No. 3:17-CV-0242-G (BN), 2018 WL 259517 (N.D. Tex. Jan. 2, 2018).

Considering the Report (Doc. 103) now under the plain error standard, the court reaffirms that the Report correctly recommends dismissing Elizon on two grounds: (1) Elizon is a trust and lacks the capacity to be sued; and (2) Plaintiffs' "Amended Complaint contains no specific factual allegations related to Elizon." Doc. 103 at 5. As the Report stated, Plaintiffs allege no specific

**Memorandum Opinion and Order – Page 7**

factual allegations against Elizon and thus cannot survive a Rule 12(b)(6) motion to dismiss with "unadorned accusations devoid of factual support." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the authority the Report relied upon in determining that Elizon, as a trust, is a non-suable entity is correct; a trust is not an entity with capacity to be sued.[3] *Ray Malooly Trust*, 186 S.W.3d at 570. Thus, the court's Order (Doc. 169) accepting the Report's recommendation to dismiss Elizon was not in error.

The court reviewed Plaintiffs' Motion, the Report, and the court's order (Doc. 169) and found no manifest error of law, newly discovered evidence, or other reasons that reconsideration is warranted under the circumstances. Even applying a lenient standard of review because Plaintiffs are proceeding *pro se* in this action, Plaintiffs' arguments and assertions under Rule 59(e)(3) misstate the law, and the court is not inclined to reconsider its previous ruling dismissing Elizon. For the multiple reasons stated herein, the court **denies with prejudice** Plaintiffs' Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e)(3) (Doc. 174).

    C. <u>Motion for Reconsideration of Court's Corrected Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 175)</u>

Finally, the court considers Plaintiffs' Motion for Reconsideration of Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. P. 59(e)(3) (Doc. 175). In this Motion, Plaintiffs argue that the court improperly dismissed their claims against Defendant Casey Blair and incorporate by reference the arguments made in their response regarding their requested injunctive relief under 42 U.S.C. § 1983 against Defendant Wheless, addressed above. *See supra* Section I.

---

[3] In their Motion, Plaintiffs quote *Ray Malooly Trust* and quote a provision of the Texas Civil Code as support. Doc. 174 at 2. That statute, however, expired as of January 1, 2010 and is no longer enforceable law. *See* Tex. Rev. Civ. Stat. Ann. art. 6138A (West, current through the end of the 2021 Reg. and Called Sess. of the 87th Legis.).

**Memorandum Opinion and Order – Page 8**

Additionally, Plaintiffs argue that Section 1983, legislation enacted in the wake of the Civil War, was intended to redress the same type of racial injustices in biased judicial proceedings from which Plaintiffs now suffer. Doc. 175 at 4. Plaintiffs point to Section 1983's provision that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiffs argue that the amendment does not bar their requested relief because (1) "there is no declaratory decree violated in the action below nor was declaratory relief available," and further, (2) when the court dismissed their monetary claims against Defendant Blair, Plaintiffs were left with only prospective relief as a remedy for the invasion of their constitutional rights, which is not barred by sovereign immunity and permitted under caselaw such as *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Doc. 175 at 5-7. Plaintiffs state that because they have two pending state cases in Kaufman County, "they are terrified at the prospect of facing either of the Judicial Defendants [Blair or Wheless] again." Doc. 175 at 7.

Applying the Rule 54(b) standard, the court finds that Plaintiffs have not stated grounds for the court to reconsider its prior order dismissing Defendant Blair from this case. Plaintiffs' first argument is predicated on a misreading of Section 1983, which they appear to argue does not prohibit injunctive relief but instead permits their requested relief. As the court addressed above, Section 1983 bars entry of injunctions against state court judges *unless* a declaratory decree has been violated or declaratory relief is not available, and neither exception applies to Plaintiffs' asserted facts. Thus, Plaintiffs have not pleaded facts showing that the exception to Section 1983's prohibition on injunctions against judicial officers applies to their claims.

As to their second argument, Plaintiffs are correct that a plaintiff may bring a claim for prospective relief against a state official for a violation of a constitutional protected right, as provided under the *Ex parte Young* exception. Plaintiffs, however, fail to meet the requirements for prospective relief as set forth in *Ex parte Young* and its progeny. To prevail on an *Ex parte Young*-style suit for prospective relief against a state officer, a plaintiff must show a continuing violation of federal law by a state official acting in their official capacity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996). As the court pointed out in its Order requiring Plaintiffs' response (Doc. 169), and again here in Section I, Plaintiffs have not stated any facts showing an ongoing violation of their constitutional rights by Defendant Blair. He recused himself from Plaintiffs' earlier state court case, and Plaintiffs do not state that their ongoing state claims are currently before him. Instead, Plaintiffs allege a fear of unfair treatment if Judge Blair is assigned to one of their cases. As the court stated above, fear of a possible injury cannot justify injunctive relief and certainly fails to show an ongoing violation of their constitutional rights.

For these reasons, the court **denies with prejudice** Plaintiffs' Motion for reconsideration of the Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. P. 59(e)(3).

### D. Conclusion

Having considered the motions before the court, objections, record in this case, and the relevant law, the court, for the reasons explained, **denies with prejudice** Plaintiffs' Motion to Reconsider Pursuant to Fed. R. Civ. Pro. 59(e)(3) (Doc. 174), and Plaintiffs' Motion for Reconsideration of Court's Corrected [sic] Order Dismissing Judicial Defendant Blair Pursuant to Fed. R. Civ. Pro. 59(e)(3) (Doc. 175). Accordingly, Defendants Elizon Mortgage Trust and Judge Casey Blair remain dismissed from this lawsuit.

Further, after review of Plaintiffs' Response Setting Forth Their Entitlement to Injunctive Relief (Doc. 173), the court determines that Plaintiffs have not satisfied their burden to show entitlement to injunctive relief against judicial Defendant Ray Wheless. Accordingly, the court **denies with prejudice** Plaintiffs' request for a preliminary and permanent injunction against Defendant Ray Wheless, and **dismisses with prejudice** Defendant Wheless from this action.

In light of the court's ruling here and the exhaustion of the issues presented, the court will not entertain a Rule 59(e) motion from Plaintiffs unless there has been a change in law from the Supreme Court of the United States, the Fifth Circuit Court of Appeals, or a relevant statute.

**It is so ordered** this 18th day of November, 2022.

Sam A. Lindsay
United States District Judge