IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and | § | |
| ELLA H. BROWN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:21-cv-02998-L-BT |
| | § | |
| BRENDA SAMPLES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Thomas G. Brown and Ella H. Brown filed this *pro se* civil action alleging that Kaufman County Tax Assessor Brenda Samples, in her individual capacity, conspired with other governmental officials, private actors, and private and governmental entities to violate Plaintiffs' civil rights. Pls'. Original Compl. ([ECF No. 3](#)). Plaintiffs purportedly timely served Samples with their original complaint on December 14, 2021. Return ([ECF No. 19](#)). But Samples passed away on May 26, 2022, and on June 7, S. Cass Weiland, attorney for the Kaufman County defendants, filed a Notice of Suggestion of Death ([ECF No. 108](#)), advising the Court and all parties of Samples's death and asking the Court to dismiss all of Plaintiffs' claims against Samples. Plaintiffs did not respond to the Notice of Suggestion of Death and have not filed a motion for substitution under Rule 25(a) of the Federal Rules of Civil Procedure. Therefore, all of Plaintiffs' claims against Samples should be dismissed with prejudice.

1

Federal Rule of Civil Procedure 25(a) provides, in relevant part:

> If a party dies and the claim is not extinguished[1], the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). A statement noting death must be written, filed, and properly served. *Sampson v. ASC Industries*, 780 F.3d 679, 681 (5th Cir. 2015). The 90-day period triggered by a statement noting death begins on the date of proper service. *Id.* at 682.

Here, attorney Weiland filed a Notice of Suggestion of Death noting Samples's death on June 7. Notice of Suggestion of Death 1. The certificate of service represents that Weiland served the Notice on Plaintiffs the same day by certified mail, return receipt requested, at the address provided by Plaintiffs. *Id.* 2. More than 90 days have passed, and no party—or any other person—has filed a motion for substitution under Rule 25(a), or even a motion for an extension of time to file a motion for substitution. Indeed, Plaintiffs have not filed any response to the Notice. Therefore, Plaintiffs claims against Samples should be dismissed with prejudice. *See Clyce v. Farley*, 2022 WL 625722, at *3 (N.D. Tex. Jan. 28, 2022), adopted by 2022 WL 625092 (N.D. Tex. Mar. 3, 2022) (dismissing claims against

---

[1] The Court does not reach whether the claims were extinguished due to Samples's death since it does not affect the determination that Plaintiffs' claims against Samples must be dismissed. However, the Court observes, that other jurisdictions have found that "extinguishment" should be handled as a threshold question to the FRCP 25(a) standard. *See Giles v. Campbell*, 698 F.3d 153, 155-56 (3d. Cir. 2012).

deceased defendant under Rule 25(a) with prejudice where plaintiff failed to file a timely motion to substitute); *Yazdchi v. Am. Honda Fin. Corp.*, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006) ("A suggestion of death was filed in this case on February 13, 2006. No motion for substitution was made within 90 days after the suggestion of death was filed. Accordingly, Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25 is granted.").

## Recommendation

Pursuant to Federal Rule of Civil Procedure 25(a), the District Court should **DISMISS** with prejudice all of Plaintiffs' claims against Defendant Brenda Samples, deceased.

**SO RECOMMENDED.**

November 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).