IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:21-cv-02998-L-BT |
| RICHARD CROW et al., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are separate Motions to Dismiss filed by Jose Sanchez (ECF No. 112), Noe Sanchez (ECF No. 114), and Deutsche Bank National Trust Company (ECF No. 116). For the following reasons, the District Court should GRANT the Motions and dismiss with prejudice all of Plaintiffs' claims against these defendants.

**Procedural Background**

Plaintiffs Thomas G. Brown and Ella H. Brown filed this *pro se* civil action on December 1, 2021, alleging that various governmental officials, municipal entities, and private actors conspired against Plaintiffs causing their business to fail and resulting in the foreclosure of their home. *See* Compl. (ECF No. 3). Several defendants named in the original pleading filed motions to dismiss. In response, Plaintiffs sought leave to file their first amended complaint, *see* Mot. for Leave to File Am. Compl. (ECF No. 87), which the Court subsequently granted Order (ECF

1

No. 100). Several defendants—including Jose Sanchez, Noe Sanchez, and Deutsche Bank—filed motions to dismiss the amended pleading. Plaintiffs then sought leave to file a second amended complaint, which the Court also granted. Order 3. (ECF No. 161). However, the Court instructed all defendants with pending motions to dismiss that they did not need to refile their dispositive motions because the pending motions are responsive to the second amended complaint. *See id*. Plaintiffs filed responses, (ECF Nos. 133, 134), and Deutsche Bank filed a reply to Plaintiffs' response (ECF No. 140). The motions are ripe for determination.

## Legal Standard and Analysis

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

I. <u>Plaintiffs' claims against Jose Sanchez, Noe Sanchez, and Deutsche Bank should be dismissed with prejudice because Plaintiffs provide no specific factual allegations.</u>

Other than identifying Jose Sanchez, Noe Sanchez, and Deutsche Bank as defendants and the location where each may be served, Plaintiffs' second amended complaint contains no specific factual allegations related to any of these defendants. At most, Plaintiffs allege generally that all defendants, presumably including Jose Sanchez, Noe Sanchez, and Deutsche Bank, discriminated against Plaintiffs on account of their race. *See, e.g.*, Sec. Am. Compl. ¶5. Such vague

3

statements are exactly the sort of "unadorned accusations devoid of factual support" that cannot state a legally cognizable claim. *Iqbal*, 556 U.S. at 678.

Plaintiffs responded to these motions prior to filing their second amended complaint. For all three defendants, Plaintiffs asked for leave to file their second amended complaint stating that Plaintiffs intend to include more detailed factual allegations. Resp. § III. (ECF No. 133). However, as with the first amended complaint, no specific factual allegations exist in the second amended complaint. *Compare* First Am. Compl., *with* Second Am. Compl. Accordingly, because Plaintiffs failed to make any specific factual allegations against Jose Sanchez, Noe Sanchez, and Deutsche Bank, all Plaintiffs' claims against these defendants should be dismissed.

II. <u>Plaintiffs' claims should be dismissed with prejudice because they have had the opportunity to plead their best case and have failed to do so.</u>

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff also may obtain leave to amend his complaint in

4

response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

The Court has allowed Plaintiffs to file two amended complaints, thereby ensuring that Plaintiffs have had the opportunity to plead their best case. Notably, Plaintiffs filed their second amended complaint after Jose Sanchez, Noe Sanchez, and Deutsche Bank filed their motions to dismiss. Plaintiffs have thus had every opportunity to address the deficiencies highlighted by these defendants but have failed to do so. Accordingly, with respect to Jose Sanchez, Noe Sanchez, and Deutsche Bank, Plaintiffs have demonstrated themselves "ineffective litigant[s]" and the Court should refuse to give them "[yet another] chance to develop" their fatally flawed case. *Reliance*, 110 F.3d at 258 (citing *Turnage*, 953 F.2d at 208-09). This includes Plaintiffs' request in their responses to the pending motions to dismiss for leave to file yet-another amended complaint to "add [Jose Sanchez, Noe Sanchez, and Deutsche Bank] to subparagraphs '76' and '77'." Resp. 5 (ECF No.

5

134). Plaintiffs fail to demonstrate they can allege any specific facts against these defendants. Indeed, their boilerplate request to simply "add" Jose Sanchez, Noe Sanchez, and Deutsche Bank to two paragraphs in their live pleading—paragraphs that span more than 10 pages in length—indicate that they cannot plead specific facts sufficient to state a claim for relief against any of them.

## RECOMMENDATION

The District Court should GRANT the Motions to Dismiss filed by Jose Sanchez (ECF No. 112), Noe Sanchez (ECF No. 114), and Deutsche Bank National Trust Company (ECF No. 116) and DISMISS with prejudice all claims against these defendants.

**SO RECOMMENDED.**

November 21, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).