IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and | § | |
| ELLA H. BROWN, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:21-cv-02998-L-BT |
| | § | |
| AMERIQUEST MORTGAGE | § | |
| COMPANY and NETCO TITLE | § | |
| COMPANY, et al., | § | |
|     Defendants. | § | |

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

On August 2, 2022, pursuant to Plaintiffs' request (ECF No. 148), the Clerk of the Court entered default as to Defendant Ameriquest Mortgage Company (Citigroup). (*See* ECF No. 150). Now before the Court are: (1) Plaintiffs' Motion for Default Judgment and Severance (ECF No. 153); and (2) Citigroup, Inc.'s[1] Motion to Set Aside Default as to Purported Defendant Ameriquest Mortgage Company (Citigroup). (ECF No. 155).

The entry of default and pending motions pertain to Plaintiffs' first amended complaint. (*See* ECF No. 101). However, Plaintiffs—with leave of court—have since filed a second amended complaint. (*See* ECF No. 162). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the

---

[1] Non-party CitiMortgage also joins this motion because they received Plaintiffs' complaint. CitiMortgage is not named in any pleading, so they are not considered a party to this suit.

1

amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (stating the same)). The second amended complaint does not refer, adopt, or incorporate by reference the first amended complaint. As a result, the second amended complaint supersedes the first amended complaint and is the only complaint with legal effect.

Consequently, the entry of default based on the first amended complaint, which has no legal effect, must be set aside. And, furthermore, the Court must deny Plaintiffs' motion for default judgment based on the legally ineffective entry of default. *See U.S. Bank N.A. v. Harris*, 2017 WL 10776031, *1 (E.D. Tex. Sept. 29, 2017), *rec. adopted*, 2017 WL 10776030 (E.D. Tex. Oct. 17, 2017)[2] (holding the original complaint and clerk's entry of default are "nullities" based on the filing of an amended complaint; the clerk's entry of default "must be set aside;" and "the pending Motion for Default Judgment must also be denied as moot."); *Fazeli v. Dallas MTV, LLC*, 2017 WL 1426334 (N.D. Tex. Apr. 21, 2017) (Boyle, J.) (declining

---

[2] (first citing *Winston v. City of Laurel*, 2012 WL 5381346 (S.D. Miss. Oct. 31, 2012) ("[T]he filing of the Amended Complaint mooted the Clerk's Entry of Default"); then citing *Fazeli v. Dallas MTV, LLC*, 2017 WL 1426334 (N.D. Tex. Apr. 21, 2017); then citing *Morris v. Medley*, 2011 WL 745783, at *2 (S.D. Miss. Feb. 24, 2011) (finding a motion for default judgment to be moot where the plaintiff was granted leave to file an amended complaint); then citing *S.E.C. v. Boey*, 2013 WL 1775444, *1 (D.N.H. Apr. 25, 2013) (finding clerk's default rendered a nullity by filing of amended complaint); and then citing *Greater St. Louis Constr. Laborers Welfare Fund v. A. G. Mack Contracting Co.*, 2009 WL 2916841, *1 (E.D. Mo. Sept. 4, 2009) (holding that the entry of default relating to the original complaint was rendered moot when the plaintiff filed an amended complaint)).

to analyze defendant's Rule 12(b)(6) motion because the amended complaint rendered defendant's motion moot).

Accordingly, the Court sets aside the Clerk's Entry of Default (ECF No. 150). The Court further **DENIES** Plaintiffs' Motion for Default Judgment (ECF No. 153). Defendant Citigroup, Inc.'s Motion to Set Aside (ECF No. 155) is **DENIED AS MOOT**.

Citigroup, Inc. has filed a motion to dismiss the second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 171), which the Court will consider after Plaintiffs have an opportunity to file a response. Plaintiffs must file a response to Citigroup, Inc.'s motion to dismiss on or before **December 13, 2022**. Citigroup, Inc. may file a reply within 14 days after Plaintiffs file their response.

Plaintiffs motion for default judgment against Netco Title Company (ECF No. 180) based on October 28, 2022 Clerk's entry of default (ECF No. 177) remains pending and will be addressed separately.

**SO ORDERED.**

November 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE