IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 3:21-CV-02998-L-BT |
| RICHARD CROW, et al., § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are a Notice of Suggestion of Death ("Notice") (Doc. 108), filed on behalf of Defendant Brenda Samples on June 7, 2022; Defendant Jose Sanchez's Second Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 112); Defendant Noe Sanchez's Second Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 114); and Defendant Deutsche Bank National Trust Company's Motion to Dismiss and Brief in Support (Doc. 116), each filed on June 14, 2022. This case was referred to Magistrate Judge Rebecca Rutherford, who entered two Findings, Conclusions, and Recommendations of the United States Magistrate Judge ("FCR") on November 21, 2022. *See* Docs. 184, 185. The court will address each FCR in turn.

**I.   Notice of Suggestion of Death (Doc. 184)**

The first FCR, addressing the Notice of Suggestion of Death (Doc. 184) ("Samples Report"), recommends that the court dismiss with prejudice all claims against Defendant Samples because a suggestion of death was filed in the case and Plaintiffs Thomas Brown and Ella Brown ("Plaintiffs") did not file a motion to substitute in the time allowed by Federal Rule of Civil

Procedure 25(a)(1).[1] Samples Report 1-2. Plaintiffs did not file any objections to the Samples Report, and the time to do so has expired.

Having considered the Notice of Suggestion of Death, Samples Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Samples Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** all claims against Defendant Brenda Samples pursuant to Federal Rule of Civil Procedure 25(a)(1).

## II.     Motions to Dismiss

The second FCR ("Report") addresses three Motions to Dismiss filed by Defendants Jose Sanchez, Noe Sanchez, and Deutsche Bank National Trust Company (collectively, "Defendants"). The Report recommends that the court grant the motions—each brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted—and "dismiss with prejudice all of Plaintiffs' claims against these defendants." Report 1. Specifically, the Report recommends dismissal with prejudice because Plaintiffs' Second Amended Complaint (Doc. 162) contains no specific factual allegations related to any of these Defendants. *Id*. at 3. The Report notes that dismissal without granting leave to file further amended claims against these Defendants is appropriate because the court has already given Plaintiffs leave to file two amended complaints and, despite the opportunities to do so, Plaintiffs have failed to address the deficiencies highlighted by the Defendants in their Motions to Dismiss. Report 4-5.

On December 6, 2022, Plaintiffs filed objections to the Report (Doc. 188), and first "concede that [Plaintiffs] have omitted to plead adequate causes of action against Defendants Jose

---

[1] Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that if a party dies, another party or a representative of the deceased has 90 days to file a motion for substitution after service of a statement noting the death. If no motion is made within 90 days, a court must dismiss the action as to the deceased party. Fed. R. Civ. P. 25(a)(1).

**Memorandum Opinion and Order – Page 2**

Sanchez, Noe Sanchez, and Deutsche Bank."[2] Doc. 188 at 2. Plaintiffs then ask the court to reject the recommendation of the Report and, under Federal Rule of Civil Procedure 15(a)(2)'s direction to "freely give leave when justice so requires," permit them to amend their claims against these Defendants. *Id*. at 3. Plaintiffs assert that their Second Amendment Complaint lacked factual support because their "typist" failed to include their detailed facts and allegations against the three Defendants. *Id*. at 2. Plaintiffs also state that an additional amendment would technically be the second amendment—not the third—because they filed their first amendment in error. *Id*. at 3.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiffs leave to amend their claims twice (Docs. 100, 161), and Plaintiffs filed both their First and Second Amended Complaints after these Defendants filed their respective original motions to dismiss, which point out Plaintiffs' failure to state factual

---

[2] The court notes that Plaintiffs' objections, filed on December 6, 2022, were due on December 5, 2022, and thus are technically untimely. The court, however, will consider the objections as timely because Plaintiffs are proceeding pro se.

**Memorandum Opinion and Order – Page 3**

allegations against them. *See* Docs. 28, 30, 32. Plaintiffs have had two opportunities to bring factual allegations and have failed to do so.

With respect to the reasons Plaintiffs provide the court as to their failure to cure prior deficiencies, the court finds their reasons unavailing. First, Plaintiffs' assertion that they filed the First Amended Complaint in error is not support for a third amendment but for a second amendment; Plaintiffs had the opportunity to correct this error in their Second Amended Complaint. Second, Plaintiffs' assertion that the Second Amendment is factually deficient because their typist failed to include the information Plaintiffs provided is insufficient for the court to grant further amendment. Plaintiffs are responsible for ensuring their filings are correct; indeed, their failure to do so smacks of violating Federal Rule of Civil Procedure 11(b)'s requirements of candor and factual veracity in filings to the court. As the court stated, Plaintiffs provided no factual allegations to support their conclusory claims against these Defendants, and now even in their objections to the Report, they failed to inform the court what those allegations would have been, even though they had an opportunity to do so. Further opportunities to amend their claims as to these Defendants would be an inefficient use of the parties' and the court's resources and cause unnecessary and undue delay. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Defendants Jose Sanchez, Noe Sanchez, and Deutsche Bank National Trust Company.

Having considered the Motions, Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** all claims

against Defendants Jose Sanchez, Noe Sanchez, and Deutsche Bank National Trust Company for failure to state a claim upon which relief can be granted.

### III. Conclusion

In summary, the court **grants** Defendant Jose Sanchez's Second Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 112); Defendant Noe Sanchez's Second Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 114); and Defendant Deutsche Bank National Trust Company's Motion to Dismiss and Brief in Support (Doc. 116). Accordingly, the court **dismisses with prejudice** all of Plaintiff's claims against Defendants Jose Sanchez, Noe Sanchez, and Deutsche Bank National Trust Company for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Likewise, the court **dismisses with prejudice** all of Plaintiffs' claims against Defendant Brenda Samples pursuant to Federal Rule of Civil Procedure 25(a)(1). The court **dismisses with prejudice** Defendants Jose Sanchez, Noe Sanchez, Deutsche Bank National Trust Company, and Brenda Samples from this action.

**It is so ordered** this 19th day of December, 2022.

Sam A. Lindsay
United States District Judge