IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and | § | |
| ELLA H. BROWN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:21-cv-02998-L-BT |
| | § | |
| WELLS FARGO BANK, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action is Defendant Citigroup, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 171). For the following reasons, the District Court should GRANT the Motion and dismiss with prejudice all of Plaintiffs' claims against Citigroup, Inc.

## Background

Plaintiffs Thomas G. Brown and Ella H. Brown bring this lawsuit against several defendants for alleged violations of their civil rights under 42 U.S.C. § 1981 and § 1983, for violations of the Texas Deceptive Trade Practices Act (DTPA), and for common law civil conspiracy. *See* Sec. Am. Compl. (ECF No. 162). In their Second Amended Complaint, filed with leave of Court effective as of September 12, 2022, Plaintiffs identify "Defendant 12" as "Ameriquest Mortgage Company (Citigroup) ('Defendant Ameriquest')." *Id.* 5.

1

Citigroup moves to dismiss Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to plead any specific factual allegations against Citigroup.[1] Mot.5-6. Citigroup further argues that no entity named "Ameriquest Mortgage Company (Citigroup)" exists and that Citigroup and Ameriquest Mortgage Company are, and always have been, separate entities. *Id.*

Plaintiffs filed a response to the motion in which they argue Citigroup's motion is untimely and that Citigroup cannot establish—in the context of a Rule 12(b)(6) motion—that Citigroup is "separate and independent from Ameriquest." *See* Resp. (ECF No. 187). Plaintiffs do not address Citigroup's argument concerning the sufficiency of the factual allegations in their Second Amended Complaint. However, Plaintiffs ask for leave to further amend their complaint if the Court finds they "have not adequately set forth a viable cause of action." *Id.* 5. Citigroup filed a reply (ECF No. 192). Accordingly, the Motion is ripe for determination.

---

[1] CitiMortgage, Inc. joins this motion because they were also served a summons and a copy of Plaintiffs' pleadings. Mot. 1, FN 1. But the Court previously found that CitiMortgage, which is not named in any pleading, is not a party to this suit. *See* Order 1, FN 1 (ECF No. 186). In their response to Citigroup's motion, Plaintiffs surmise that CitiMortgage received a summons and a copy of their pleading due to a mistake by CT Corporation Systems, Citigroup's registered agent for service of process. Plaintiffs do not contend that CitiMortgage is a proper party to this lawsuit.

2

## Preliminary Matters

As an initial matter, Plaintiffs object that Citigroup's Motion—filed September 30, 2022—is untimely because it was filed more than 14 days after September 12—the date the Court entered the Second Amended Complaint on the docket. *See* Resp. 1 (quoting Fed. R. Civ. P. 15(a)(3)). This objection is overruled.

Generally, a defendant has 21 days following service of summons and the complaint to file an answer or a motion to dismiss under Rule 12(b). *See* Fed. R. Civ. P. 12(a). Although Citigroup does not concede that Plaintiffs properly effected service in this case,[2] the return of service reflects that Citigroup's registered agent, CT Corporation Systems, received the summons and a copy of Plaintiff's Motion for Leave to File Second Amended Complaint on September 9. *See* Return (ECF No. 163). Citigroup filed the pending Rule 12(b)(6) motion 21 days later, on September 30. Thus, the Court concludes that Citigroup's motion is timely filed. But even if the motion was untimely, that alone would not necessarily waive any defense under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, *Pharma Funding LLC v. Verde Pharmacy & Med. Supply LLC*, 2022 WL 837949, at *4 (N.D. Tex. Jan. 28, 2022) (Horan, J.), *rec. accepted*, 2022 WL 837494 (N.D. Tex. Mar. 21, 2022) (Godbey, J.), and the Court would proceed to the merits of Citigroup's argument.

---

[2] It is not necessary for the disposition of this motion to review all of Plaintiffs' efforts to effect service on "Defendant 12 . . . Ameriquest Mortgage Company (Citigroup) ('Defendant Ameriquest')."

3

Further, Rule 15(a)(3) provides that "*[u]nless the court orders otherwise*, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3) (emphasis added). On November 21, 2022, the Court set aside an entry of default as to "Defendant Ameriquest Mortgage Company (Citigroup)" and ordered that it would consider Citigroup's Motion to dismiss the Second Amended Complaint "after Plaintiffs have an opportunity to file a response." Ord. 3 (ECF No. 186). The Court further ordered Plaintiffs to file their response by December 13, and granted Citigroup permission to file a reply "within 14 days after Plaintiffs file their response." *Id.* The Court's order modified and extended Citigroup's time to respond to Plaintiffs' Second Amended Complaint and gave Plaintiffs a full and fair opportunity to address Citigroup's arguments under Rule 12(b)(6).

## Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

Plaintiffs' Second Amended Complaint contains no specific factual allegations against Citigroup. Indeed, Plaintiffs do not dispute this point. Rather, they assert—without elaboration—that "[t]he natural reading" of the phrase "Ameriquest Mortgage Company (Citigroup)" means "also known as Citigroup or

5

Citigroup as its successor in interest." Resp. 4. The Court rejects this unsubstantiated assertion.

Even if the court were to accept this assertion, Plaintiffs fail to sufficiently allege facts to support any plausible cause of action against "Defendant Ameriquest." The only allegations with respect to Ameriquest are in paragraph 57 of the Second Amended Complaint, under the heading for Plaintiffs' cause of action for violations of § 1983 and the Texas Constitution. Sec. Am. Compl. 27. Paragraph 57 describes an alleged $75,000 loan that Plaintiffs state they applied for but never received due to administrative issues. *Id.* But in order to state a claim under § 1983, Plaintiffs must allege facts that show (1) they have been deprived of a right secured by the Constitution or the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). And here, Plaintiffs fail to plausibly allege that Ameriquest acted under color of state law to deprive them of any Constitutional rights.

Although "[a] private party can act under color of state law where the private party conspires with or acts in concert with state actors," *Watson v. Kimutai*, 2022 WL 16973266, at *3 (N.D. Tex. Oct. 28, 2022), *rec. accepted*, 2022 WL 16964750 (N.D. Tex. Nov. 15, 2022) (Kinkeade, J.) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004)), "[t]he plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." *Herndon v. Scottrade*, 2018 WL 5115077, at *2 (N.D. Tex.

6

Sept. 24, 2018), *rec. accepted*, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018). Bare allegations of conspiracy, such as Plaintiffs general allegations of a conspiracy between local governments and private actors, are insufficient to state a § 1983 claim. *Chaney v. Races & Aces*, 590 F. App'x 327, 329-30 (5th Cir. 2014) (per curiam) (citation omitted).

Finally, the Court should deny Plaintiffs' request for leave to further amend their complaint. Resp. 5. The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case") (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)). In this case, the Court has allowed Plaintiffs to file two amended complaints, thereby ensuring that

7

Plaintiffs have had the opportunity to plead their best case. But Plaintiffs have demonstrated themselves unable to state a claim against Citigroup, and the Court should refuse to give them yet another chance to develop their case.[3] The Court should dismiss with prejudice Plaintiffs' claims against Citigroup.

## Recommendation

The District Court should **GRANT** Citigroup, Inc.'s Motion to Dismiss (ECF No. 171) and **DISMISS** with prejudice all of Plaintiffs' claims against Citigroup, Inc.

**SO RECOMMENDED.**

December 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court warned Plaintiffs of this consequence. *See* Order 2, FN 1 (ECF No. 100) ("With this amendment, the Court specifically finds that Plaintiffs have pleaded their best case, and so no further amendments will be allowed." And "[t]he Court further notes that because Plaintiffs have now pleaded their best case, any future dismissal secured by any defendant will be with prejudice.") (Rutherford, J.); Order 2 (ECF No. 161) ("The court also warns Plaintiffs against filing any further motions to amend pending the court's ruling on the outstanding motions to dismiss. The court cannot conduct the necessary evaluation of their pleading and the Defendants' pending motions to dismiss if the pleadings continue to change. Failure to follow the orders of the court may result in the imposition of sanctions under Rule 41(b) of the Federal Rules of Civil Procedure, including monetary sanctions, or any other sanctions the court deems appropriate.") (Lindsay, J.).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).