IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 3:21-CV-02998-L-BT |
| RICHARD CROW, et al., § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 189) was entered on December 14, 2022, addressing the Motion for Default Final Judgment and Severance against Defendant Netco Title Company ("Netco") (Doc. 180), which was filed on November 4, 2022, by pro se Plaintiffs Thomas and Ella Brown ("Plaintiffs"). The Report recommends that the court deny the Motion (Doc. 180) and dismiss with prejudice all of Plaintiffs' claims against Netco. *Id*. at 1. The magistrate judge found that "Plaintiffs failed to make any specific factual allegations of wrongdoing against Netco in their live pleading" and thus fail to state a claim for relief. *Id*. at 2-3. Simply stated, their allegations fall short of the well-pleaded allegations required to show an entitlement to a default judgment. *Id*.

Accordingly, the Report also recommends the court dismiss with prejudice all of Plaintiffs' claims against Netco under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. *Id*. at 3. Plaintiffs' Second Amended Complaint ("SAC") names Netco as a Defendant but only alleges generally that all Defendants discriminated against Plaintiffs on account of their race. *Id*. at 5. Given the vague and broad allegations against Netco, the Report finds that dismissal is appropriate because a district court may consider the sufficiency of a

**Memorandum Opinion and Order – Page 1**

complaint and then dismiss *sua sponte*, so long as Plaintiffs receive notice and an opportunity to object. *Id*. at 4-5. Finally, the Report recommends dismissal on the alternate grounds provided in Federal Rule of Civil Procedure 41(b) for Plaintiffs' repeated failure to comply with Rule 8's requirement to allege factual claims with clarity, despite the court's twice-granted leave to amend their Complaint. *Id*. at 6. However the court choses to dismiss Plaintiffs' claims against Netco, the magistrate judge recommends dismissal without granting further leave to amend. *Id*. at 7.

The Plaintiffs timely filed their objections to the Report on December 22, 2022. Doc. 195. First, Plaintiffs did not object to the Report's recommendation that the court deny the Motion, and the time to do so has expired. Having considered the Motion, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report with respect to the Motion are correct, and **accepts** them as those of the court to the extent herein stated. Accordingly, the court **denies** Plaintiffs' Motion for Default Final Judgment and Severance against Defendant Netco Title Company (Doc. 180).

Second, Plaintiffs object to the Report's recommendation that their claims against Netco be dismissed under either Rule 12(b)(6) or Rule 41(b) because they argue that the allegations in the SAC are sufficient to state a claim for relief. Copying whole paragraphs from their SAC, Plaintiffs assert that their claim that

> Ameriquest hired NETCO Title to do a title search and Ameriquest gave the $75,000 check to NETCO to give to the Plaintiff after the title search. The check was never given to Plaintiff and during the 3-days the Plaintiff told them that they did not need the loan. Then Ameriquest said that Plaintiff could not get the loan because they had put on the application that he was not married.

*Id*. at 2-3 (quoting Doc. 192 at 73). They argue that this shows that Defendants, presumably including Netco, "acted with racial bias, racial hatred, and racial animus in their conspiracy" to commit an "economic lynching." *Id*. at 3.

**Memorandum Opinion and Order – Page 2**

After reviewing Plaintiffs' objections to the Report and the SAC, the court agrees with the Report's recommendation for dismissal under Rule 12(b)(6). Plaintiffs' allegations against Netco amount to a claim that Netco was the intermediary for a $75,000 loan check from Ameriquest and Plaintiffs never received that check. Doc. 192 at 73. In the same paragraph, however, Plaintiffs assert both that they (1) rejected the loan, and (2) Ameriquest denied the loan. *Id*. These contradicting allegations fail to set forth a chronology of misconduct and certainly fail to show that any alleged wrongdoing was done because of racial animus. Such allegations stop far short of showing a plausible entitlement to relief because they do not permit the court to draw a reasonable inference of misconduct by Netco.

Further, dismissal is appropriate because Plaintiffs had notice of the court's *sua sponte* consideration of dismissal and took their opportunity to file objections. The court finds that their objections, which only repeat their bare allegations in the SAC, are without merit. For these reasons, the court agrees with the recommendation in the Report to dismiss with prejudice all of Plaintiffs' claims against Netco for failure to state a claim upon which relief can be granted. Having so agreed, the court need not address the Report's alternative recommendation to dismiss Plaintiffs' claims against Netco under Rule 41(b), and makes no determination as to that recommended ground for dismissal.

In their objections, Plaintiffs also argue that instead of dismissing with prejudice their claims against Netco, the court should grant them leave to amend, citing Rule 15(a)'s provision to "freely give leave when justice so requires." Doc. 195 at 7. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

*Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiffs leave to amend their claims twice (Docs. 100, 161), and warned them that no further amendments would be allowed. Doc. 100 at 2. Plaintiffs have had two opportunities to bring factual allegations and have failed to do so. Further, the court agrees with the Report that Plaintiffs have stated their best case. *Id*. Further opportunities to amend their claims as to Netco would be an inefficient use of the parties' and the court's resources and cause unnecessary and undue delay. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Netco.

Having considered the Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct insofar as it recommends dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections, and **dismisses with prejudice** all of Plaintiffs' claims against Defendant Netco Title Company for failure to state a claim upon which relief can be granted, and **dismisses with prejudice** Defendant Netco Title Company from this action.

**It is so ordered** this 18th day of January, 2023.

Sam A. Lindsay
United States District Judge
