IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and <br> ELLA H. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD CROW, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § Civil Action No. 3:21-CV-02998-L-BT <br> § <br> § <br> § |

## ORDER

On January 6, 2023, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 199), recommending that the court grant Defendant Wells Fargo Bank, N.A., David Rhodes, and Celeste Daffon's Motion to Dismiss ("Motion") (Doc. 119), and dismiss with prejudice all claims brought by Plaintiffs Thomas and Ella Brown ("Plaintiffs") against these Defendants (collectively, the "Bank Defendants"). The Report recommends dismissal because:

- Plaintiffs allege that the Bank Defendants discriminated against them in 1999 and 2000, all of Plaintiff's claims against these Defendants are barred by the statutes of limitations for claims of discrimination under 42 U.S.C. § 1981, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and civil conspiracy under Texas common law (Doc. 199 at 8);

- All claims against Wells Fargo are "barred by the doctrine of claim preclusion because Plaintiffs previously filed a lawsuit involving the same parties, or parties with whom Plaintiffs and Wells Fargo are in privity, that resulted in a final judgment on the merits,

rendered by a court of competent jurisdiction, concerning the same claims" that Plaintiffs now bring in federal court (*id*. at 14-15);

- Plaintiffs' Section 1981 discrimination claims against Rhodes and Daffon fail to allege sufficient facts to state a claim upon which relief may be granted because the allegations are "unadorned accusations" premised upon allegations of conspiracy and fraud (*id*. at 16-17);

- Plaintiffs fail to plead sufficient facts to show an entitlement to injunctive relief against the Bank Defendants because, based on the Report's previous findings, Plaintiffs have not shown a likelihood of success on the merits of their claims (*id.* at 17-18); and

- The court should dismiss without granting leave to amend because Plaintiffs have had the opportunity to amend their complaint twice, and the most recent after the Bank Defendants filed their first motion to dismiss. Plaintiffs have had sufficient notice and opportunity to address the deficiencies identified by the Bank Defendants but have failed to do so. *Id.* at 19-20.

Plaintiffs did not file objections to the Report, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(1) (which provides that a party has 14 days from the date of service to file objections to the findings and conclusions of the magistrate judge).

Having reviewed the Motion, responses, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Plaintiffs have not alleged sufficient facts to allow the court to reasonably infer that all claims against the Bank Defendants are not barred by the statute of limitations, that claims against Wells Fargo are barred by issue preclusion, and that any further claims or requests for injunctive relief fail because Plaintiffs do not show or present sufficient factual allegations from which the court can reasonably infer that the Bank Defendants are liable for the claims that

**Order – Page 2**

Plaintiffs allege. Accordingly, the court **grants** the Motion to Dismiss, and **dismisses with prejudice** all of Plaintiffs' claims against Defendants Wells Fargo Bank, N.A., David Rhodes, and Celeste Daffon. The court **dismisses with prejudice** Defendants Wells Fargo Bank, N.A., David Rhodes, and Celeste Daffon from this action.

Finally, as the court has previously addressed in numerous orders in this case, the court determines that dismissal without leave to amend is appropriate. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiffs leave to amend their claims twice (Docs. 100, 161), and warned them that no further amendments would be allowed. Doc. 100 at 2. Plaintiffs have had two opportunities to bring sufficient factual allegations to state a claim against the Bank Defendants, including after these Defendants filed their first motion to dismiss that pointed out Plaintiffs' complaint deficiencies; Plaintiffs failed to cure those deficiencies. As the court determined with respect to the thrice-pleaded claims against other Defendants, Plaintiffs have stated their best case, and the same circumstances are present regarding these Bank Defendants. Further opportunities to amend their claims as to the Bank Defendants would be an inefficient use of the parties' and the court's resources and cause unnecessary and undue delay. Finally, Plaintiffs

Order – Page 3

failed to object to the Report's recommendation of dismissal, despite their earlier objections to other reports from the magistrate judge similarly recommending dismissal. Plaintiffs have not sought leave to amend or asked the court to reconsider its orders, and the court will not *sua sponte* grant leave to amend here. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Wells Fargo Bank, N.A., David Rhodes, and Celeste Daffon.

    **It is so ordered** this 23rd day of January, 2023.

Sam A. Lindsay<br>
United States District Judge