IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and | § | |
| ELLA H. BROWN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:21-cv-02998-L-BT |
| | § | |
| RICHARD CROW et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 1, 2021, Plaintiffs Thomas G. Brown and Ella H. Brown,
proceeding *pro se*, initiated this civil action alleging that various governmental
officials, municipal entities, and private actors conspired against them to steal
their property, ruin their reputations, and violate their constitutional rights
because they are African-American. Several defendants filed motions to dismiss
Plaintiffs' claims against them. In response, Plaintiffs sought leave to file their first
amended complaint, which the Court subsequently granted. *See* Order (ECF No.
100). Thereafter, several defendants, including the City of Terrell, the City of
Kaufman, Kaufman County, Mary Gayle Ramsey, and Jeff Brown (the "Moving
Defendants"), filed motions to dismiss the first amended complaint. *See* Mots.
(ECF Nos. 122, 123, 136, 151). Plaintiffs again sought leave to file a second amended

1

complaint, which the Court also granted.[1] Order 3. (ECF No. 161). However, the Court instructed all defendants with pending motions to dismiss that they did not need to refile their dispositive motions because the pending motions are responsive to the second amended complaint.[2] *Id.* The Moving Defendants' separate motions to dismiss, and Plaintiffs' responses thereto, are now before the Court. For the following reasons, the Court should **GRANT** the pending motions (ECF Nos. 122, 123, 136, 151, 191) and **DISMISS** with prejudice all of Plaintiffs' claims against the Moving Defendants.

## Background

In their second amended complaint (ECF No. 162), Plaintiffs allege that—in the summer of 1999—Richard Crow, a white man, stole a $58,000 check from Plaintiffs' company. Sec. Am. Compl. ¶ 19.[3] Plaintiff Thomas Brown attempted to file a criminal complaint regarding the stolen check with the City of Terrell Police Department (Terrell PD), but he was met with disrespect and derogatory statements. *Id.* ¶¶ 21, 23. When Thomas returned to Terrell PD to obtain a copy of the complaint, "he was told [it] had been 'lost.'" *Id.* ¶¶ 22, 55. According to

---

[1] The second amended complaint is the live pleading in this case. *See* Order Setting Aside Clerk's Entry of Default (holding "the second amended complaint supersedes the first amended complaint and is the only complaint with legal effect.") (citations omitted) (ECF No. 186).

[2] While he was not required to file a separate motion to dismiss Plaintiffs' second amended complaint, Defendant Jeff Brown did so. *See* Mot. (ECF No. 191).

[3] Because this case has been the subject of numerous other opinions and orders, the Court limits its discussion of the background facts and procedural history to what is necessary to understand these Findings, Conclusions, and Recommendation.

Plaintiffs, "lost" is "a code word" used by the Terrell PD to mean that the complaint had been thrown in the trash "in conformity with the City of Terrell's policy of refusing to accept complaints against whites filed by African-Americans." *Id.* ¶ 55. Plaintiffs ultimately had to hire an attorney to obtain a copy of the complaint. *Id.* Plaintiffs allege that "[a] white complainant would not have needed to hire a private attorney in the same or similar circumstance," and they had to do so "solely because [Thomas] is a Black man deemed by the City of Terrell to be subservient to white people." *Id.*

This alleged racial animosity was not confined to the Terrell PD. According to Plaintiffs, it infected the Kaufman County Sheriff's Office, the Kaufman County Tax Assessor's Office, and the Kaufman County courts. *Id.* ¶¶ 56, 58-60. The Kaufman County Sheriff and his deputies allegedly harassed Plaintiffs and used "unofficial means" to remove them from their property. *Id.* ¶ 56. The Sheriff and his deputies discriminated against Plaintiffs "because of their race" and failed to protect them, creating a hostile environment that made Plaintiffs afraid to leave their home at night. *Id.* The Tax Assessor's Office and its agents and employees, including Defendant Jeff Brown, conspired to deprive Plaintiffs of their home by "creating a scheme" to force the property into a tax sale without providing Plaintiffs notice of any indebtedness or arrears or an opportunity to redeem the property. *Id.* ¶58. Defendant Kaufman County allegedly knew of this wrongdoing and did nothing to prevent it because of the County's policy of racial discrimination against African-Americans. *Id.* ¶ 56.

Plaintiffs further allege that they hired Defendant Mary Gayle Ramsey, City Attorney for the City of Terrell, to represent them in the foreclosure proceeding initiated against their home and with respect to claims by "various taxing authorities in Kaufman County, including the City of Terrell." *Id.* ¶ 76. Attorney Ramsey allegedly represented that she was competent to take Plaintiffs' case, but she did not save their home. *Id.* She failed to disclose her conflict of interest and improperly failed to refund or provide an accounting of Plaintiffs' retainer fee after she withdrew from their case. *Id.*

Based on this alleged conduct, Plaintiffs bring claims under 42 U.S.C. § 1983 against the City of Terrell, the City of Kaufman, Kaufman County (the "Municipal Defendants") and Attorney Brown—in his individual capacity and in his official capacity as the Kaufman County Tax Attorney—for violations of their rights to due process and equal protection under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Bill of Rights to the Texas Constitution. *Id.* ¶ 54. Plaintiffs also assert that Attorney Ramsey's conduct violated the Texas Deceptive Trade Practices Act (DTPA). *Id.* ¶ 76.

The City of Terrell and Attorney Ramsey, the City of Kaufman, Kaufman County, and Attorney Brown filed separate motions to dismiss Plaintiffs' complaint on various grounds, including that Plaintiffs' claims are barred by limitations and that Plaintiffs failed to plead sufficient facts to state a plausible *Monell* claim against the City of Terrell or the City of Kaufman. Additionally, Attorney Ramsey argues that Plaintiffs' claims against her were previously litigated in state court and

Plaintiffs are precluded from relitigating those claims now. Attorney Brown argues he is entitled to governmental immunity for Plaintiffs' claims arising out of his role in the assessment of taxes or, in the alternative, attorney immunity. Plaintiffs filed responses challenging the Moving Defendants' arguments. (ECF Nos. 131, 145, 132, 152). Defendants did not file any replies within the time allowed under the rules. Accordingly, the Court considers the motions without the benefit of a reply.

## Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)). Therefore, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9 (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Statutes of limitations and *res judicata* are not expressly listed among the defenses that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes them

6

as affirmative defenses. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 8(c), 12(b)). But "when a successful affirmative defense appears on the face of the pleadings," and matters the court may judicially notice, "dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)); *accord Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."); *see also Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253-54 (5th Cir. 2021) (holding that a court may grant a motion to dismiss based on limitations when it is evident from the pleadings that the action is time-barred); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

## Analysis

A. <u>As an initial matter, the Court should dismiss Plaintiffs' § 1983 claims against Attorney Brown in his official capacity because they are duplicative of Plaintiffs' claims against Kaufman County.</u>

Section 1983 provides a private cause of action against any person who, under color of law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

Claims under § 1983 may be brought against individuals—in their personal capacity or in their official capacity, or against a governmental entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 394–95 (5th Cir. 2009). Individual-capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); whereas official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y.C Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). A district court may dismiss claims against municipal agents in their official capacities when the municipality is also a party to the suit, as duplicative of the claims against the municipality. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

Here, Plaintiffs sue Attorney Brown in his official capacity as the Kaufman County Tax Attorney, as well as Kaufman County itself. *See* Sec. Am. Compl. 3-4. Plaintiffs' official-capacity claims against Attorney Brown "essentially merge" with their claims against Kaufman County, *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000), and the Court should dismiss those claims as duplicative, *Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996). The Court may pretermit consideration of Attorney Brown's arguments that he is entitled to government immunity for any claims against him in his official capacity.

8

B.  **The Court should dismiss all of Plaintiffs' § 1983 claims as barred by limitations.**

In this case, Plaintiffs allege that the City of Terrell, the City of Kaufman, Kaufman County, and Jeff Brown "denied [Plaintiffs] their due process rights and equal protection of the law simply because [Plaintiffs] are African Americans" and "acted under color of state law to deprive Plaintiffs of their State and Federal rights" in violation of 42 U.S.C. § 1983. Sec. Am. Compl. 24-25. However, these Defendants contend that the alleged wrongful conduct that forms the basis of Plaintiffs' complaint occurred well before the expiration of the applicable limitations period.[4]

"[T]he applicable statute of limitations for § 1983 claims is the state's general personal injury limitations period, which in Texas, is two years." *Aly v. City of Lake Jackson*, 453 F. App'x 538, 539 (5th Cir. 2011) (first citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); then citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). Federal law determines when the limitations period begins to run. *Drake v. Fitzsimmons*, 2013 WL 775354 at *2 (N.D. Tex. Mar. 1, 2013) (quoting *In re Monumental Life Ins.*, 365 F.3d 408, 420 (5th Cir. 2004)). And, absent tolling, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *LeBlanc*

---

[4] Attorney Brown does not specifically argue that Plaintiffs' claims against him are time-barred. As set forth above, however, Plaintiffs' official capacity claims merge with their claims against Kaufman County. And, Plaintiff's claims against Attorney Brown in his individual capacity are based on the same conduct.

*v. City of Haltom City*, 2011 WL 2149908, at *5 (N.D. Tex. May 31, 2011) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567 (5th Cir. 2001)).

Although Plaintiffs set forth very few specific dates in their second amended complaint, the facts they do plead demonstrate that Plaintiffs first knew the Municipal Defendants were allegedly conspiring against them in 1999, or in the months immediately thereafter, when the Terrell PD refused to act on Thomas's complaint against Richard Crow. *See e.g.,* Sec. Am. Compl. 16 (Plaintiffs learned of the City of Terrell's alleged policy of refusing to accept complaints against whites filed by African Americas in 1999, when Terrell PD told Thomas it "lost" his criminal complaint against Richard Crow); *id.* 26 (the Kaufman County Sheriff and his deputies "failed to prevent wrongdoing" and "[i]nstead of protecting Plaintiffs and their property, the Sherriff . . . created a hostile environment against Plaintiffs because of their race[.]") *id.* 27 ("Kaufman County was made aware of these violations" of Plaintiffs' rights, but "did nothing to prevent the wrongdoing . . . since it had adopted the policy of racial discrimination and harassment against African Americans and was itself a party to this deliberate and unconscionable conspiracy . . ."); *id.* ("the Tax Assessor's Office became infected with this racial bias" and Attorney Brown "conspired to deprive Plaintiffs of their homestead by creating a scheme" to force a tax sale and "in so doing, . . . displayed their racial animus against African Americans in general and Plaintiffs in particular[.]"; *id.* 28-29 (City of Kaufman was the "governing body over . . . [its] employees" who conspired in 1999 to "uphold white supremacy . . . by stripping [Plaintiffs] of their

reputation, property, and rights—committing what can justly be called an economic lynching."). Therefore, absent tolling, the applicable statutes of limitations for Plaintiffs claims' under § 1983 expired in 2001 or 2002. Plaintiffs did not bring this suit until 2021—almost two decades later.

Plaintiffs do not dispute that the alleged conspiracy began in 1999, but they assert the "continuing violation doctrine" or "equitable tolling" applies to defeat the limitations defense. *See* Resps. to Defs.' Mots. (ECF Nos. 131, 132, 145). The continuing violation theory "accommodate[s] plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all of the discriminated acts committed as part of this pattern or policy can be considered timely." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001)). But Plaintiffs' complaint fails to plead a sufficient factual basis to support the application of a continuing violation theory in this case. Rather, Plaintiffs' claims arise out of discrete conduct that occurred in 1999 relating to the Municipal Defendants alleged failure to act on the stolen check and the loss of Plaintiffs' home to foreclosure. And, Plaintiffs do not allege any alleged violations occurred within the limitations period. Plaintiffs' broad and sweeping, non-specific generalizations about all the defendants are not sufficient to plead a continuing violation.

Plaintiffs also failed to present any facts that the statute of limitations should be equitably tolled. Because the Texas statute of limitations is borrowed in § 1983

cases, Texas' equitable tolling principles also control. *See Board of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). "The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Equitable tolling, however, "applies only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

In their response, Plaintiffs argue that they are entitled to equitable tolling because various defendants' "disingenuous," "legal maneuvering" kept another lawsuit "tied-up" in state court. *See e.g.,* Resp. to City of Kaufman 7. However, the fact that any parties defended themselves in lawsuits *filed by Plaintiffs* is not a basis for tolling the statute of limitations. Therefore, Plaintiffs are not entitled to equitable tolling.

The Court should dismiss Plaintiffs § 1983 claims because they are time-barred.

C.   <u>Additionally, the Court should dismiss all of Plaintiffs' § 1983 claims against the Municipal Defendants because they fail to allege sufficient facts to state a plausible claim under *Monell*.</u>

A municipality is liable under § 1983 only if the execution of its policy or custom inflicts the asserted injury. *Jackson v. City of Hearne*, 959 F.3d 194, 204 (5th Cir. 2020) (quoting *Monell*, 436 U.S. at 694, 698); see also *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at

issue."). This inquiry is subject to a three-part test: "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymakers (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Peña v. City of Rio Grande*, 879 F.3d 613, 621 (2018) (citation and internal quotation omitted).

"The first policy prong 'includes the decisions of government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" *Peña*, 879 F.3d at 621 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Isolated unconstitutional actions by municipal employees will rarely trigger municipal liability. *Piotrowski*, 237 F.3d at 578 (citations omitted). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Id.* (quoting *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Despite its length, Plaintiffs' second amendment complaint is largely conclusory, especially regarding the alleged violations by the Municipal Defendants. The only policy Plaintiffs reference is the vague, apparently informal "policy" of the Terrell PD to "lose" complaints of "African Americans suing whites." However, Plaintiffs allege only one incident of Terrell PD "losing" a complaint, and Plaintiffs have not asserted any facts to support that this is a persistent practice. Plaintiffs also generally assert: "[the Municipal Defendants] acted under color of

13

state law to deprive Plaintiffs of their State and Federal rights." Sec. Am. Compl. ¶ 53. Plaintiffs do not identify any actual policy or custom resulting in a constitutional violation; do not identify specific facts; and make statements that are conclusory is nature. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). The Court should dismiss all of Plaintiffs' claims against the Municipal Defendants for failure to state a claim.

Plaintiffs also fail to identify a policymaker for any of the accused Municipal Defendants. Plaintiffs aver "Defendant Kaufman City is sued in its official capacity as the governing body over the City of Kaufman Police Department and Chief of Police Dana Whitaker who is an employee of Defendant." Sec. Am. Compl. 6. But municipalities "cannot be found liable on a theory of vicarious liability or respondeat superior." *Webb v. Town of St. Joseph*, 925 F.3d 209, 214 (2019). Hence, to the extent any of Plaintiffs' claims against the City of Kaufman are based on a theory of respondent superior or vicarious liability, they should be dismissed.

D. <u>To the extent Attorney Brown is not entitled to dismissal of Plaintiffs' claims against him in his individual capacity based on limitations, the Court should dismiss those claims because Plaintiffs fail to allege a plausible claim for relief under § 1983 or because he is entitled to attorney immunity.</u>

The only allegations Plaintiffs make with respect to Attorney Brown are in paragraph 58 of the second amended complaint, which generally alleges that Attorney Brown "conspired to deprive Plaintiffs of their homestead," "forced Plaintiff's homestead into a tax sale without notice," and "covered up the tax sale in an illegal attempt to prevent Plaintiffs from redeeming their homestead." Sec.

Am. Compl. 27-28. But, to state a claim under § 1983, Plaintiffs must allege facts that show (1) they have been deprived of a right secured by the Constitution or the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). And here, Plaintiffs fail to plausibly allege that Attorney Brown acted under color of state law to deprive them of any Constitutional rights.

Although "[a] private party can act under color of state law where the private party conspires with or acts in concert with state actors," *Watson v. Kimutai*, 2022 WL 16973266, at *3 (N.D. Tex. Oct. 28, 2022), rec. accepted, 2022 WL 16964750 (N.D. Tex. Nov. 15, 2022) (Kinkeade, J.) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004)), "[t]he plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." *Herndon v. Scottrade*, 2018 WL 5115077, at *2 (N.D. Tex. Sept. 24, 2018), rec. accepted, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018). Bare allegations of conspiracy, such as Plaintiffs general allegations of a conspiracy here, are insufficient to state a § 1983 claim. *Chaney v. Races & Aces*, 590 F. App'x 327, 329-30 (5th Cir. 2014) (per curiam) (citation omitted). The Court should dismiss all of Plaintiffs' claims against Attorney Brown for failure to state a claim.

Attorney Brown further argues he is entitled to attorney immunity. Under Texas law, attorney immunity is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d

477, 481 (Tex. 2015); *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019). Courts grant attorney immunity at the motion to dismiss stage only when "the scope of the attorney's representation—and thus entitlement to the immunity—is apparent on the face of the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) "An attorney who pleads the affirmative defense of attorney immunity has the burden to prove that her alleged wrongful conduct, regardless of whether it is labeled fraudulent, is part of the discharge of her duties to her client." *Elliott v. Tucker*, 2022 WL 17722672 (N.D. Tex. Nov. 29, 2022) (Ray, J.), *rec. adopted*, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022) (O'Connor, J.) (citing *Cantey Hanger*, 467 S.W.3d at 483-84 (Tex. 2015)).

"Attorney immunity applies to all actions taken in connection with representing a client in litigation, even wrongful conduct that is part of the discharge of the lawyer's duties in representing his or her client, as long as it is not entirely foreign to the duties of an attorney." *Ironshore Europe DAC*, 912 F.3d at 767 (cleaned up). The Supreme Court of Texas has instructed courts to "simply look to the general kind of conduct at issue and whether attorneys engage in that kind of conduct when discharging duties to a client." *Id.*

In this case, as Attorney Brown argues, all of the allegedly wrongful conduct relates to Attorney Brown's prosecution of the delinquent tax suit and the subsequent foreclosure sale. *See* Atty Brown's Mot. ¶ 12. And all of this alleged

16

conduct is clearly within the scope of Attorney Brown's representation of the Kaufman County Tax Assessor's Office.

Plaintiffs respond that, by asserting attorney immunity, Attorney Brown admits that his client, Kaufman County, has a policy of racial discrimination. Resp. 8. Plaintiffs further contend that based on the Texas Supreme Court's modification of the attorney immunity doctrine in *Landry's, Inc. v. Animal Legal Def. Fund*, and the fact that Attorney Brown "exceeded his authority and committed acts that are criminal in nature," Attorney Brown is not immune from this suit. Resp. 8-10; *see* 631 S.W.3d 40 (Tex. 2021). Plaintiffs insist that it is clear in their second amended complaint that Attorney Brown exceeded his authority. But the second amended complaint fails to allege any facts regarding what Attorney Brown did as opposing counsel, nor any facts that demonstrate he exceeded his scope as an attorney. The only allegations against Attorney Brown are conclusory assertions that he "conspired" and "schemed" to deprive Plaintiffs of their homestead, and then "covered up" the tax sale. Therefore, the Court should grant Attorney Brown's 12(b)(6) motion to dismiss.

E. <u>The Court should dismiss Plaintiffs' Texas DTPA claim against Attorney Ramsey because it is barred the by applicable statute of limitations.</u>

Plaintiffs allege Attorney Ramsey "violated her duty to Plaintiffs" as their attorney when she "breached her express warranty and implied warranty" in violation of Texas DTPA. Sec. Am. Compl. 35. A claim under the Texas DTPA must be brought within two years "after the date on which the false, misleading, or

deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code § 17.565.

According to Plaintiffs, Attorney Ramsey represented them from 2006 until 2015 in connection with the foreclosure proceeding and claims by various taxing authorities, and all the alleged wrongful acts by Attorney Ramsey occurred during this representation. Specifically, Plaintiffs claim that Attorney Ramsey "represented she could save Plaintiffs' homestead which she did not do." Sec. Am. Compl. 35. They also claim that she failed to disclose (i) that she was an attorney for the City of Terrell and had a conflict of interest that precluded her from taking their case, (ii) that their land was sold at a tax sale, and (iii) that they had a right to redeem their property. *Id.* 36. "The most egregious of [Attorney] Ramsey's unconscionable acts" was taking a retainer from Plaintiffs and not providing an accounting after she withdrew in 2015. *Id.* Therefore, absent tolling, the applicable statute of limitations expired in 2017 for Plaintiffs' claims under Texas DTPA. Again, Plaintiffs did not bring this suit until 2021.

Plaintiffs again assert that the "continuing violations doctrine" and "equitable tolling" applies. As for the continuing violations doctrine, Plaintiffs fail to allege facts to support any wrongful acts committed by Attorney Ramsey since 2015. Plaintiffs' broad and sweeping, non-specific generalizations about all the defendants are not sufficient to plead a continuing violation.

18

Similarly, Plaintiffs failed to demonstrate exceptional circumstances for the application of "equitable tolling." *See Coltart v. Texas*, 2020 WL 5416515 at *5-6 (W.D. Tex. Aug. 6, 2020) ("[T]he Fifth Circuit has held that even illiteracy is an insufficient ground to permit equitable tolling in the § 1983 context.") (citations omitted); *Joe v. Fitzsimmons*, 2015 WL 9906188, at *2 (N.D. Tex. Dec. 8, 2015) ("Unfamiliarity with the legal process does not justify equitable tolling.) (citations omitted). Although, Plaintiffs claim they did not obtain all the court records until 2022; they fail to demonstrate that they exercised "reasonable diligence" to obtain those records. *See* Resp; s*ee e.g., Cofer v. Johnson*, 226 F.3d 643 (5th Cir. 2000) (unpublished disposition) (rejecting claim for equitable tolling based on delay in receiving copy of state court records). Thus, Plaintiffs are not entitled to equitable tolling of the limitations period.

The Court should dismiss Plaintiffs' Texas DTPA claim against Attorney Ramsey because it is time-barred.

F. <u>Additionally, Attorney Ramsey is entitled to dismissal of Plaintiffs' claims against her because they are barred by the doctrine of claim preclusion.</u>

Attorney Ramsey further argues *res judicata*—or claim preclusion—bars Plaintiffs' claims against her because Plaintiffs previously litigated those claims in a lawsuit amended in 2015, in the 86th District Court of Kaufman County, Texas,

and those claims were dismissed on summary judgment and a final judgment was entered in Attorney Ramsey's favor.[5]

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213–14 (N.D. Tex. 2020) (citations omitted). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (2009) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two

---

[5] The Court takes judicial notice of all filings, orders, and judgments in *Brown v. Ameriquest Mortgage et al.*, Case No. 70241-86 in the 86th District Court of Kaufman County, Texas. *See Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020) (finding it appropriate, in context of claim preclusion analysis, to take judicial notice of filings from the plaintiff's previous lawsuits).

actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

Here, all the elements of claim preclusion are satisfied. The first element requires the parties to be identical or in privity. *Hous. Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). Parties are identical or in privity when both parties to the current litigation were parties to the prior litigation or in privity with parties to the prior litigation. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1341 (5th Cir. 1996) (citing *Coal. of Cities for Affordable Util. Rates v. Pub. Util. Comm'n*, 798 S.W.2d 560, 563 (Tex. 1990)) (analyzing the elements of res judicata under Texas law, which are the same as the federal elements). Here, the same parties are present in this case and the earlier-filed state court action in the 86th District Court of Kaufman County, Texas. *See Brown v. Ameriquest Mortgage et al., Case No. 70241-86*. In 2015, Plaintiffs amended their state court petition to include Attorney Ramsey as a defendant.

The second element requires that a court of competent jurisdiction render the judgment in the prior action. In Plaintiffs' earlier lawsuit, the 86th District Court of Kaufman County, Texas, had jurisdiction over all the parties and claims. Accordingly, the second element is satisfied.

The third element requires the prior actions to have been concluded by a final judgment on the merits. In the earlier state court action, the state court judge entered an order confirming nonsuit and entered a final judgment on January 24,

21

2020. *See* Order Confirming Nonsuit (ECF No. 122-5); Final Judgment (ECF No. 122-6). Accordingly, the third element is satisfied.

Finally, the fourth element requires the same claim or cause of action to have been involved in both the present and prior actions. But the claims asserted need not be identical—"[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citations omitted). As stated, the Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). Courts are to consider pragmatically which facts constitute a "transaction" or "series," "giving weight to . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Hous. Pro. Towing Ass'n*, 812 F.3d at 447 (quoting *Petro-Hunt, L.L.C.,* 365 F.3d at 396). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *United States v. Davenport*, 484 F.3d 321, 326 (2007) (internal quotation marks omitted) (citing *Petro-Hunt, L.L.C.,* 365 F.3d at 395).

Here, Plaintiffs' earlier state court lawsuit and this action are based on the same nucleus of facts—the foreclosure of Plaintiffs' home and the alleged breach of

Attorney Ramsey's duty as Plaintiff's lawyer. *See* Sec. Am. Compl. Plaintiffs state court petition contains almost an identical recitation of facts as their complaint in this action and Plaintiffs sought the same relief. *Compare* Sec. Am. Compl. 35-37 *and* First Am. Petition. 4-6. Therefore, the Court finds Plaintiffs' claims in the state case are based on the same nucleus of operative facts as Plaintiff's claims in the present lawsuit. Accordingly, the fourth element is satisfied.

Plaintiffs' claims against Attorney Ramsey in this case are thus barred by the doctrine of claim preclusion because Plaintiffs previously filed a lawsuit involving the same parties, that resulted in a final judgment on the merits, rendered by a court of competent jurisdiction, concerning the same claims. *See Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted).

Plaintiffs' only argument against this result is that Attorney Ramsey waived her affirmative defense by failing to plead res judicata in response to the original complaint. This is incorrect. The live pleading is Plaintiffs' second amended complaint. *See* Ord. (ECF 186) ("[T]he second amended complaint supersedes the first amended complaint and is the only complaint with legal effect."). And Attorney Ramsey timely raised the issue of claim preclusion in her pending motion to dismiss, which the court held was responsive to the second amended complaint. Thus, the defense is not waived.

In conclusion, the Court should find that Plaintiff's claims against Attorney Ramsey are barred by res judicata or claim preclusion.

G. **Plaintiffs failed to plead sufficient facts to state a claim for injunctive relief.**

Lastly, Plaintiffs seek an injunction "enjoining [Municipal Defendants], its officers, agents, employees, and all others acting for or succeeding them [...], from engaging in the discriminatory practices alleged in this complaint that discriminate against Plaintiffs on the basis of race, color, national origin, or sex." Sec. Am. Compl. 42. A court may grant injunctive relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking injunctive relief has the burden of proving each of the four elements enumerated. *See Miss. Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. If a party fails to meet any of the four elements, the court cannot grant the injunction.

Here, Plaintiffs cannot meet the first element. Indeed, for all the reasons set forth above, Plaintiffs have not established a substantial likelihood they will prevail on the merits of any of their substantive claims against the Municipal Defendants. Thus, the Court concludes that Plaintiffs have failed to allege facts showing they are entitled to injunctive relief. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th

Cir. 2006) (explaining that plaintiff seeking a permanent injunction must establish, among other things, success on the merits of his claim); *see* Terrell & Ramsey Mot. 3; City of Kaufman Mot. 3; Kaufman County Mot. 2, FN 2.  The Court should dismiss Plaintiffs' claim for injunctive relief.

### Opportunity to Amend

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff also may obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged their best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to

develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

The Court has allowed Plaintiffs to file two amended complaints, thereby ensuring that Plaintiffs have had the opportunity to plead their best case. Plaintiffs even state that their second amended complaint "represents [their] 'best case.'" Resp. to City of Kaufman 1, FN 1. Further, Plaintiffs filed their second amended complaint after all defendants filed their motions to dismiss. Plaintiffs have thus had every opportunity to address the deficiencies highlighted by the moving defendants but have failed to do so. Indeed, as set forth above, most of Plaintiffs' claims are barred by limitations or res judicata. The Court should decline to give Plaintiffs "[yet another] chance to develop" their case. *Reliance Ins.*, 110 F.3d at 258 (citing *Turnage*, 953 F.2d at 208-09). The Court should dismiss Plaintiffs' claims with prejudice.

## Recommendation

For the reasons stated, the District Court should **GRANT** the Motions to Dismiss filed by the City of Terrell and Mary Gayle Ramsey (ECF No. 122); the City of Kaufman (ECF No. 123); Kaufman County (ECF No. 136); and Attorney Jeff Brown (ECF Nos. 151, 191). The Court should **DISMISS** all of Plaintiffs claims against these defendants with prejudice.

Further, since the Moving Defendants represent the last defendants remaining in the lawsuit, the Court should enter a final judgment and close the case.

26

**SO RECOMMENDED.**

January 30, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).