IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:21-CV-02998-L-BT |
| RICHARD CROW, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 205); Plaintiffs Thomas and Ella Brown's ("Plaintiffs") Motion to Reconsider Order (Doc. 206); and Plaintiffs' Notice to Court re: Due Process Rights Protected by Law Notice to Reconsider (Doc. 207). The court addresses each filing in turn.

**I.      The Magistrate Judge's Report (Doc. 205)**

The Report, entered on January 30, 2023, addressed the Motions to Dismiss (Docs. 122, 123, 136, 151, and 191) filed by several Defendants in response to Plaintiffs' First Amended Complaint and which the court found were responsive to Plaintiffs' Second Amended Complaint (Doc. 162). Specifically, the Report recommends that the court:

- Dismiss with prejudice Plaintiffs' Section 1983 claims against Defendant Attorney Jeff Brown in his official capacity because those claims merge with Plaintiffs' claims against Defendant Kaufman County, his employer, and should therefore be dismissed with prejudice as duplicative (Doc. 205 at 7-8);

- Dismiss with prejudice all of Plaintiffs' Section 1983 claims against Defendants City of Terrell, City of Kaufman, Kaufman County, and Jeff Brown because the underlying

facts supporting their claims occurred in 1999, and are time barred under the appropriate statute of limitations, as Plaintiffs brought this case in 2021, almost two decades too late, and those claims are not subject to equitable tolling (*Id.* at 9-12);

- Dismiss with prejudice all of Plaintiffs' Section 1983 claims against the City of Terrell and the City of Kaufman for failure to allege sufficient facts related to an actual policy, custom, or policymaker to state a plausible claim under *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (*Id.* at 12-14);

- Dismiss with prejudice any Section 1983 claims that Plaintiffs asserts against Defendant Brown with respect to his representation of Kaufman County because he is entitled to attorney immunity (*Id.* at 14-16);

- Dismiss with prejudice Plaintiffs' Texas Deceptive Trade Practices Act claim against Defendant Mary Gayle Ramsey[1] as barred by the two-year statute of limitations and as being ineligible for a tolling provision (*Id.* at 17-18);

- Alternatively, dismiss with prejudice Plaintiffs' claims against Defendant Ramsey as barred by the doctrine of claim preclusion as those claims were adjudicated in the 86th District Court of Kaufman County, Texas, in 2015 (*Id.* at 19-23); and

- Dismiss with prejudice all of Plaintiffs' requests for injunctive relief for an inability to show a substantial likelihood that they will prevail on the merits of their substantive claims, as the same facts support both the substantive claims and the requests for injunctive relief (*Id.* at 24-25).

---

[1] **In the pleadings filed by Plaintiffs, they spell this Defendant's name as "Ramsy"; however, the correct spelling is "Ramsey." Accordingly, the court directs the clerk of court to modify the docket sheet and spell her name as "Ramsey."**

**Memorandum Opinion and Order – Page 2**

Finally, as these Defendants represent the last Defendants in the case, the Report recommended that the court enter a final judgment and close the case.[2] *Id*. at 26. Plaintiffs did not file objections to the Report, and the time to do so has passed.[3] *See* Fed. R. Civ. P. 72(b)(1) (providing that a party has 14 days from the date of service to file objections to the findings and conclusions of the magistrate judge).

Having reviewed the Motion, responses, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Plaintiffs have not alleged sufficient facts to allow the court to reasonably infer that all claims against the City of Terrell, the City of Kaufman, Kaufman County, Mary Gayle Ramsey, and Jeff Brown are not barred by the statutes of limitations and for failure to allege sufficient facts to state a claim upon which relief can be granted. Accordingly, the court **grants** the Second Motion to Dismiss (Doc. 122), filed by the City of Terrell and Mary Gayle Ramsey; the City of Kaufman's Motion to Dismiss (Doc. 123); Kaufman County's Motion to Dismiss (Doc. 136); and Jeff Brown's Second Motion to Dismiss (Doc. 151) and Third Motion to Dismiss for Lack of Jurisdiction (Doc. 191). The court **dismisses with prejudice** all of Plaintiffs' claims against Defendants Jeff Brown, Mary Gayle Ramsey, the City of Kaufman, the City of Terrell, and Kaufman County. The court **dismisses with prejudice** Defendants Jeff Brown, Mary Gayle Ramsey, the City of Kaufman, the City of Terrell, and Kaufman County from this action.

---

[2] The court notes that although the magistrate judge recommended the court dismiss Plaintiffs' claims against Defendant George Yarborough in its findings, conclusions, and recommendation ("FCR") (Doc. 190), the court has not yet ruled on that FCR. The court will address the recommendation to enter a final judgment in a later order.

[3] Plaintiffs allege in their Motion to Reconsider Order (Doc. 206) that mail service of the magistrate judge's previous findings, conclusions, and recommendations (Doc. 199) was delayed for more than 12 days after entry on the docket. In light of this mail delivery delay, the court withheld its ruling on the instant Report for more than 35 days, longer than the 14 days required by Federal Rule of Civil Procedure 72(b)(1) and the additional 12-day delay that Plaintiffs allege. For this reason, the court determines that Plaintiffs have had more than enough time to file any objections to the Report, and the Report is ripe for determination. Despite this extended period of time, Plaintiffs filed no objections, and, therefore, the court determines that any objection is waived.

**Memorandum Opinion and Order – Page 3**

Finally, with respect to Plaintiffs' claims against these Defendants, and as the court has previously addressed in numerous orders in this case, the court determines that dismissal without leave to amend is appropriate. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiffs leave to amend their claims twice (Docs. 100, 161), and warned them that no further amendments would be allowed. Doc. 100 at 2. Plaintiffs have had three opportunities to bring sufficient factual allegations to state a claim against Defendants Jeff Brown, Mary Gayle Ramsey, the City of Kaufman, the City of Terrell, and Kaufman County, including after these Defendants filed their first motions to dismiss that pointed out Plaintiffs' pleading deficiencies; Plaintiffs failed to cure those deficiencies. As the court determined with respect to the thrice-pleaded claims against other Defendants, Plaintiffs have stated their best case, and the same circumstances are present regarding these Defendants. Further opportunities to amend their claims as to these Defendants would be an inefficient use of the parties' and the court's scarce judicial resources, and cause unnecessary and undue delay. Finally, Plaintiffs failed to object to the Report's recommendation of dismissal, despite their earlier objections to other reports

from the magistrate judge that similarly recommended dismissal. Plaintiffs have not sought leave to amend or asked the court to reconsider its orders, and the court will not *sua sponte* grant leave to amend here. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Defendants Jeff Brown, Mary Gayle Ramsey, City of Kaufman, City of Terrell, and Kaufman County.

### II.    Plaintiffs' Motion to Reconsider (Doc. 206)

Also before the court is Plaintiffs' Motion to Reconsider Order ("Motion to Reconsider") (Doc. 206), filed on February 7, 2023. In the Motion to Reconsider, Plaintiffs request that the court grant them additional time to file objections to the magistrate judge's report ("January Report") (Doc. 199), which the court accepted on January 23, 2023 (Doc. 203), dismissing with prejudice Plaintiffs' claims against Wells Fargo Bank, Celeste Daffon, and David Rhodes. Plaintiffs allege that a 12-day delay in mail delivery deprived them of the time to file objections and invoke the equal protections clause to allow for any "excusable neglect." Doc. 206 at 1-2. Plaintiffs then set out those objections, arguing that the January Report was "prejudicially driven, motivated and selectively enabling the enforcement and denial of their protected rights . . . afforded by the constitution." *Id*. at 2. Defendants Daffon, Rhodes, Wells Fargo Bank, and Citigroup (improperly named in the Second Amended Complaint as "Defendant Ameriquest Mortgage Company (Citigroup)") filed responses opposing the relief requested in Plaintiffs' Motion to Reconsider. *See* Docs. 208, 209.

The court construes the Motion to Reconsider as a motion seeking an extension of time to file objections to the January Report, and **grants** the Motion. The court will address Plaintiffs' objections in the Motion to Reconsider as timely filed.

**Memorandum Opinion and Order – Page 5**

In their objections, Plaintiffs set forth facts that are repeated from their Complaint, First Amended Complaint, and Second Amended Complaint. Plaintiffs allege that Defendants—not just the Defendants addressed in the January Report—violated their due process rights and deprived Plaintiffs of their property and financial resources through a series of fraudulent actions that occurred in 1999 and 2000. Doc. 206 at 2-4.

After reviewing Plaintiffs' objections to the Report, the court agrees with the January Report's recommendation for dismissal under Rule 12(b)(6). Plaintiffs fail to present any new facts or controlling law to show that the January Report was in error. For these reasons, the court **overrules** Plaintiffs' objections to the magistrate judge's findings, conclusions, and recommendation (Doc. 199), and the court's order accepting the January Report's recommendation and dismissing with prejudice Plaintiffs' claims against Defendants Wells Fargo, N.A.; David Rhodes; and Celeste Daffon remains in effect.

### III.   Plaintiffs' Notice to Court (Doc. 207)

Next, the court considers Plaintiffs' Notice to Court re: Due Process Rights Protected by Law Notice to Reconsider ("Notice") (Doc. 207), filed on February 17, 2023. The Notice appears to be Plaintiffs' last-ditch attempt to seek relief, asking the court to take notice that as pro se litigants, they are unable to "point out with specificity the procedures of this court." Doc. 207 at 4. Invoking the Equal Protection clause of the Fourteenth Amendment, they ask the court to not dismiss with prejudice their claims on procedural or technical errors, appearing to argue that the Equal Protection clause entitles them as nonlawyers to the same treatment in the court as an attorney. *Id*. The court construes the Notice as a Motion to Reconsider its previous orders dismissing claims against Defendants. Plaintiff's Motion to Reconsider is therefore more properly characterized as a motion seeking reconsideration of a prior order of the court under Rule 54(b).

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration; however, Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[] at any time" "any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 846 F.3d 326, 336 (5th Cir. 2017) (citing Fed. R. Civ. P. 54(b)); *see S.E.C. v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.)) ("In the case of an interlocutory order, 'Federal Rule of Civil Procedure 54(b) governs whether the court reconsiders its ruling.'"). Pursuant to Rule 54(b):

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos*, 651 F. Supp. 2d at 553 (citation omitted). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Cuban*, 2013 WL 1091233, at *2 (citations omitted).

The court first notes that because no final judgment has been entered as to any Defendant, its earlier orders are interlocutory. As to the Notice, Plaintiffs do not provide legal support for their apparent assertion of protection for nonlawyers under the Equal Protection clause, and the court could find none. Further, Plaintiffs fail to set forth any new facts for the court to consider that would alter its earlier orders. Moreover, in the court's previous orders, including this order, every dismissal occurred for failure to allege *facts* showing entitlement to relief. Plaintiffs' claims have not been dismissed for any procedural failures or lack of acumen in litigating a case in federal courts. The court has determined that all of Plaintiffs' claims have failed for a lack of facts that

**Memorandum Opinion and Order – Page 7**

entitle them to relief in this court. Regardless of the alleged injustices that Plaintiffs contend that they have experienced, they have not stated facts showing that they are entitled to relief and therefore have suffered a harm that this court can remedy. For this reason, the court **denies** Plaintiffs' Notice (Doc. 207).

### IV.     Conclusion

For the reasons stated herein, the court **grants** the Second Motion to Dismiss (Doc. 122), filed by the City of Terrell and Mary Gayle Ramsey; City of Kaufman's Motion to Dismiss (Doc. 123); Kaufman County's Motion to Dismiss (Doc. 136); Jeff Brown's Second Motion to Dismiss (Doc. 151); Brown's Third Motion to Dismiss for Lack of Jurisdiction (Doc. 191)[4]; and **dismisses with prejudice** all of Plaintiffs' claims against Defendants Jeff Brown, Mary Gayle Ramsey, City of Kaufman, City of Terrell, and Kaufman County. The court **dismisses with prejudice** this action against Defendants Jeff Brown, Mary Gayle Ramsey, City of Kaufman, City of Terrell, and Kaufman County. Further, the court **grants** Plaintiffs' Motion to Reconsider Order (Doc. 206), construed as a motion for an extension of time to file objections, and **overrules** the objections therein made. Finally, the court **denies** Plaintiffs' Notice to Court re: Due Process Rights Protected by Law (Doc. 207).

**It is so ordered** this 10th day of March, 2023.

Sam A. Lindsay
United States District Judge

---

[4] Despite the court's instruction to Defendants to not refile their motions to dismiss after Plaintiffs filed their Second Amended Complaint, Defendant Brown filed his Third Motion to Dismiss, arguing for dismissal with prejudice under both Rule 12(b)(1) and 12(b)(6) for attorney immunity. Although Defendant purports to argue under both standards, the court treats the motion as brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and, therefore, dismisses with prejudice this action against him.