IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS G. BROWN and ELLA H. BROWN, § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 3:21-CV-02998-L-BT |
| RICHARD CROW, et al., § § | |
| Defendants. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 190) was entered on December 14, 2022, addressing Defendant George Yarborough's Motion to Dismiss under Rule 12(b)(1), or, alternatively, under Rule 12(b)(6) ("Motion") (Doc. 121), filed on June 14, 2022. The Report recommends that the court dismiss without prejudice all claims brought by Plaintiffs Thomas and Ella Brown ("Plaintiffs") against Defendant Yarborough for lack of subject matter jurisdiction. Doc. 190 at 1. The magistrate judge found that in their Second Amended Complaint ("SAC"), Plaintiffs did not allege that Yarborough "violated any federal laws. Rather, Plaintiffs allege that Yarborough, an attorney, violated the Texas Deceptive Trade Practices Act and breached his fiduciary duties and an alleged warranty when he represented them in an 'unrelated foreclosure proceeding.'" *Id.* at 2-3. Thus, without a basis in either federal question or diversity jurisdiction, there is no authority for the court to exercise jurisdiction over Plaintiffs' claims against Yarborough. *Id*.

Plaintiffs timely filed their objections to the Report on December 27, 2022. *See* Doc. 197. They object to the Report's finding that the court lacks diversity jurisdiction because, as they allege, Yarborough as their attorney on the matter was partially responsible for the loss of the

missing $75,000 check from Ameriquest Mortgage, handled by Defendant Netco Title Company. *Id*. at 2-3. Further, Plaintiffs argue that Yarborough "violated his duty to Plaintiffs and breached his warranty and implied warranty" which contributed to the foreclosure of their homestead, business, and personal property, which they assert was valued at over $1,500,000. *Id*. at 4-5.

After reviewing Plaintiffs' objections to the Report and the SAC, the court agrees with the Report's finding that Plaintiffs only allege state law claims against Yarborough, and thus those claims are subject to under Rule 12(b)(1). Plaintiffs repeat their factual allegations against Yarborough contained the SAC but fail to allege any new facts or claims showing that their claims against him belong in federal court. They bring only state law claims against him, and as Plaintiffs allege that Yarborough is a resident of and domiciled in Texas, they cannot show diversity jurisdiction, regardless of the amount in question, because all parties are citizens of Texas.

Yarborough is the last remaining Defendant in this action, as the court through its previous orders dismissed Plaintiffs' claims—including those brought under both state and federal law—against all other Defendants. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims against Yarborough because it dismissed all claims over which it has original jurisdiction as to the other Defendants. 28 U.S.C. § 1367(c); *Chavers v. Hall*, 488 F. App'x 874, 878 (5th Cir. 2012) ("If a district court subsequently dismisses the federal claims, its decision whether to exercise jurisdiction over the remaining state claims "is purely discretionary.") (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009)). Thus, Plaintiffs no longer have a federal foothold to bring state-law claims in this court. Accordingly, the court **dismisses without prejudice** Plaintiff's claims against Defendant Yarborough.

Finally, Plaintiffs again request the court grant them leave to amend their claims rather than dismiss them. *Id*. at 7-8. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure

that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiffs leave to amend their claims twice (Docs. 100, 161), and warned them that no further amendments would be allowed. Doc. 100 at 2. Plaintiffs have had three opportunities to bring factual allegations that plead their claims against Yarborough into federal court and have failed to do so. Further, the court has found that Plaintiffs have stated their best case. *Id*. Further opportunities to amend their claims as to Yarborough would be an inefficient use of the parties' and the court's resources and cause unnecessary and undue delay. For these reasons, the court will not allow Plaintiffs a further opportunity to amend their pleadings regarding their claims against Yarborough.

Having considered the Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections, and **dismisses without prejudice** all of Plaintiffs' claims against Defendant George Yarborough for

lack of subject matter jurisdiction, and **dismisses without prejudice** Defendant George Yarborough from this action.

The court notes that through the allegations developed in Plaintiffs' Complaint, First Amended Complaint, and Second Amended Complaint, this lawsuit named 32 Defendants. Yarborough was the last remaining Defendant, and now, pursuant to this order, is dismissed. Accordingly, this action is **dismissed with prejudice**. Pursuant to Federal Rule of Civil Procedure 58, a corresponding final judgment will be entered by separate document.

**It is so ordered** this 10th day of March, 2023.

Sam A. Lindsay
United States District Judge